## TERRY v. MOORE.

(Common Pleas of New York City and County, General Term.    April 10, 1893.)

EQUITY—RESCISSION OF LEASE—MISTAKEN CONSTRUCTION.

A lessee who is induced to take a renewal lease stipulating for a certain ground rent under a mistaken idea as to her rights, and on account of erroneous representations of the lessor that if the matter of rent should be submitted to arbitrators, as provided in the original lease, the latter would be obliged, under a proper construction, to estimate the property as vacant and unimproved at its fair value, although restricted to a certain use for which it was no longer suited, may have the renewal lease set aside, and the rent fixed by arbitration.

Appeal from special term.

Action by Adeline H. Terry against William T. Moore to have a renewal lease taken by plaintiff as lessee set aside, etc. There was an interlocutory judgment overruling a demurrer to the complaint, from which, and an order directing the entry of such judgment, defendant appeals. Affirmed.

The complaint shows that the plaintiff was entitled in the year 1887 to a renewal for 21 years of the lease of the lot No. 255 West Twenty-Third street, in the city of New York. The estate was originally created by a lease from Clement C. Moore, (to whose right the defendant succeeds,) made to William Torrey, in 1846, which expired May 1, 1866, and which provided for three renewals of 21 years each, with the option to the lessor of granting a fourth renewal, or paying for the dwelling house erected by the lessee according to the requirements of the lease. The rent upon the renewal in question, if not agreed upon, was to be fixed by appraisement by arbitrators, who were to determine what would be a reasonably fair rent for the ensuing term; the rent to be ascertained by considering the lot as vacant and unimproved at its full and fair value at a sale by private contract, the rent to be 4 per cent.

of such estimated value. The rent for the first term was $62 per annum, and for the second term, expiring in 1887, had been fixed by arbitration at $206. The original lease restricted the use of the premises for a dwelling house only, and provided for the reservation of a courtyard in front. In 1887, the period in question in this suit, the character of the neighborhood was so changed that the premises were no longer suitable for first-class private dwellings, and the adjoining block of land to the west, owned by the Clement C. Moore estate, was occupied for business purposes upon leases and grants from said estate. The complaint set forth fully all the facts, showing the altered character of the neighborhood, and the detriment to the interest of the plaintiff and the adjoining lessees thereby and by the maintenance of the courtyards. The complaint alleged that, owing to the restrictions and the altered character of the neighborhood, the value of the property had been greatly reduced, and the rent for the new term, if fixed according to the terms of the lease, would not have exceeded that reserved for the term which expired in 1887. It was then alleged that the defendant and his agent demanded for the renewal a rent of $375 per annum. representing it to be a concession, and that, if plaintiff went to arbitration, the lot in question would, under the terms and conditions set out in the lease, be appraised for a very high value, and without any reference to the restrictions as to the use to which it was limited; that the property was worth from ten to twelve thousand dollars per lot, as vacant and unimproved; and that the changes in its condition, and the restrictions as to its use, had nothing to do with the valuation for the purposes of fixing the rent in the renewal lease; and that, if the property were appraised, it would appraise for upwards of $10,000; and that plaintiff, relying upon these representations, and being ignorant of the mistake made by the lessor and his agent therein, executed a renewal for 21 years, at the rental of $375 per annum. The complaint prays to have the renewal lease set aside, and that she be restored to her original rights, and have her rent fixed by arbitration, and a renewal lease executed, containing covenants provided for in the original indenture.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Charles Edward Souther, for appellant.
J. M. Buckingham, for respondent.

DALY, C. J. The defendant's demurrer raises the issue whether the complaint sets forth facts which would entitle the plaintiff to the relief demanded. The charge in fact is that the plaintiff labored under a mistake as to her legal rights under her lease, and, being misled and induced by the representations of the defendant and his agent to waive those rights, executed a lease by which she was compelled for 21 years to pay a rental nearly double that which would have been fixed by appraisement under the terms of the lease. By the terms of that instrument the rent for the renewal was to be 4 per cent. upon the value of the lot, considered as vacant and unimproved. The representation which misled the plaintiff as charged is that the restrictions with which the use of the lot was incumbered, and which, owing to the extreme changes in the character of the neighborhood, must greatly affect its value, could not be considered by the appraisers in estimating such value, but that the plaintiff would have to pay 4 per cent. upon the value of the lot as vacant and unrestricted. This was a representation of the legal effect or construction of the existing lease, and, if relied upon by the plaintiff to her injury, would afford ground for equitable relief. Though not a representation of fact, but of law, yet, being induced by the representation of the defendant, it

gives a right of action. A mistake of law, where there are no indications of fraud, imposition, or undue advantage, will not be corrected by a court of equity; but where the complainant has been led into a mistake of law by the misrepresentations of the defendant, or where the defendant takes advantage of the complainant's ignorance in a matter of law, relief will be granted. 15 Amer. & Eng. Enc. Law, 638--643, and cases cited. See, also, Weed v. Weed, 94 N. Y., at page 247. This seems to be a fit case for the interposition of a court of equity, as the plaintiff's rights cannot be protected by leaving her to her defense at law in an action for rent, or in any proceeding under the lease. If she established an equitable defense to such an action, it would only relieve her from the payment of the rent as fixed in the instrument, whereas she is plainly entitled to a judgment by which the execution of a renewal lease according to her covenants may immediately be enforced. It is of no advantage to her to remain in possession of the premises without an agreement for the renewal term. The charge in the complaint that the renewal lease, as at present existing, does not contain the covenants to which plaintiff is entitled, need not be examined here, as sufficient appears in the complaint to constitute a cause of action without considering such allegations. The judgment and order appealed from should be affirmed, with costs. All concur.