TERRY v. MOORE.

SYMS et al. v. SAME.

(Common Pleas of New York City and County, General Term. May 6, 1895.)

EQUITY—RESCISSION OF LEASE.

    The renewal of a lease will not be rescinded at the instance of the lessee on the ground that she was misled and induced by representations of the lessor to waive her rights under the original lease, where it appears that at the time of executing the renewal she was aware of the questions involved, and had consulted a friend, and acted on his advice.

Appeal from equity term.

Actions by Adeline H. Terry against William T. Moore, and by Parker Syms and others against Gasimer de R. Moore, to declare void a certain renewal lease, made in 1887, of premises in West Twenty-Third street, between Ninth and Tenth avenues, known as "London Terrace." From a judgment in favor of defendant in each case, plaintiffs appeal. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

J. B. Buckingham, for appellants.

Charles E. Souther, for respondents.

DALY, C. J. The complaint of the plaintiff in each action was, in effect, that at the time of the execution of the renewal lease, in 1887, the plaintiffs labored under a mistake as to their legal rights under their original leases, and, being misled and induced by the representations of the defendant and his agent to waive those rights, executed the renewals in question, by which they were compelled for 21 years to pay a rental greatly in excess of what must have been fixed by appraisement under the terms of the original leases. By the terms of the original leases, the rent for the renewal was to be 4 per cent. upon the value of the lot considered as vacant and unimproved. The representation which misled the plaintiffs, as charged, and the mistake under which the plaintiffs claim to have labored at the time, was that the restrictions with which the use of the lot was incumbered, and which, owing to the extreme changes in the character of the neighborhood, must greatly affect its value, could not be considered by the appraisers in estimating such value, but that the plaintiffs would have to pay 4 per cent. upon the value of the lot as vacant and unrestricted. When this question was before us upon demurrer to the complaint, we held that a good cause of action was stated, and a fit case presented

for the interposition of a court of equity. We stated that "a mistake of law, where there are no indications of fraud, imposition, or undue advantage, will not be corrected by a court of equity; but where the complainant had been led into a mistake of law by the representations of the defendant, or where the defendant takes advantage of the complainant's ignorance in a matter of law, relief will be granted." Terry v. Moore, 3 Misc. Rep. 290, 22 N. Y. Supp. 788. No case as stated in the complaint was made out upon the trial. In Mrs. Terry's case it was plainly shown by her own testimony that before, and at the time of, executing the renewal in suit, she was well aware of the construction which might be put upon the appraisement clause in the lease, and that the property might be appraised without reference to its present value under restrictions as to its use; that she consulted a neighbor, and requested him to act for and advise her what to do, and that although he said the ground rent was exorbitant, owing to the great depreciation of the property in value, she had better submit to it, as the arbitration would be uncertain, owing to the same construction, and that she went with him to the office of the lessor's agent, and, after protesting that the amount was exorbitant, told him she would submit to it under the circumstances, and that they should prepare the lease; that afterwards she was urged to sign it, one of the defendant's sons informing her that all the other leaseholders had signed, and that he did not know how she could avoid doing so. It was manifest from this testimony that, so far from the plaintiff Mrs. Terry laboring under a mistake of law or of fact, she was fully aware of the legal question involved in the transaction, and that, acting under the advice of a neighbor, she preferred to execute the renewal, rather than to rely upon her legal rights. Her attitude now in repudiating the renewal lease is not due to a discovery of a mistake, but to a change of mind. The court can afford no relief, under such circumstances. In the case of Mr. Syms, it appears that his father, the lessee, was represented by Mr. Hyde, a lawyer, who made various inquiries of the defendant concerning the lease, which he then took away, and had under consideration for several days, and then returned, saying that he had informed the lessee that in his judgment the lease was properly drawn, and he should advise him to execute it, as it was in proper shape, and in conformity with the covenants of the prior leases. There was no evidence whatever that the lessee at the time was mistaken as to the effect of the covenant or his legal rights, or that he was laboring under any misapprehension, or was induced to act in any manner by the representations of the defendant, or that the renewal lease was not executed voluntarily, and with full knowledge of the law, or that, as alleged in the complaint, he made the mistake of waiving his rights of having the rent for the ensuing term settled by arbitration. There being a complete failure to establish the causes of action set out in the respective complaints, judgment was properly rendered for the defendants, and must be affirmed, with costs of appeal. All concur.