(161 App. Div. 199).

HAMMERSTEIN OPERA CO. *v.* BELASCO et al.

(Supreme Court, Appellate Division, First Department.   March 6, 1914.)

1. LANDLORD AND TENANT (§ 134*)—LEASE—WAIVER OF PROVISIONS.
    An acceptance by the lessor of a theater of rent accruing after the lessee had commenced to use the theater for exhibiting moving pictures was not a consent to such use, if lessor then and afterwards insisted that lessee was so using the theater in violation of the lease.
    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 482–485; Dec. Dig. § 134.*]

2. INJUNCTION (§ 136*)—INJUNCTION PENDENTE LITE.
    Plaintiff sued to enjoin defendant from giving moving picture exhibitions in a theater which plaintiff had leased to defendant, under a lease providing that the premises should be used as a "first-class theater," and prohibiting their use for any business deemed extrahazardous because of fire. Defendant originally used the theater for producing high-class plays, for which tickets were sold from 50 cents to $2, but is now using it for exhibiting moving pictures, for which an admission of 25 cents to $1 is charged.   Plaintiff's affidavits show that the theater is not now being used for first-class exhibitions, and that its present use will diminish the value of the property; and it is not disputed that the present use is extrahazardous on account of fire, though defendant claims to have complied with all of the municipal fire requirements.   *Held*, that an injunction pendente lite should be granted.
    [Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 305, 306; Dec. Dig. § 136.*]

Appeal from Special Term, New York County.

Action by the Hammerstein Opera Company against David Belasco and another. From an order denying a motion for an injunction pendente lite, plaintiff appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Gerald B. Rosenheim, of New York City, for appellant.

M. Angelo Elias, of New York City, for respondents.

McLAUGHLIN, J. This action was brought to enjoin the defendants from giving exhibitions of moving pictures in the Republic Theater in the city of New York, as being contrary to the terms of a lease under which the theater was occupied. After the action was commenced, the plaintiff made a motion for an injunction pendente lite. The motion was denied, and it appeals.

The plaintiff's assignor leased to the defendant Belasco the theater in question for a period of ten years, commencing May 1, 1902, at an annual rental of $30,000, plus a certain percentage of the gross receipts. The lease has since been renewed for an additional period of five years. It expressly provided that the premises were "to be used and occupied by said tenant as a first-class theater," and that the tenant would not use them, or permit them to be used, "for any business purpose deemed disreputable or extrahazardous on account of fire under penalty of damages and forfeiture."

From the papers used upon the motion it appears that up to December 6, 1913, Belasco used the theater only for the purpose of producing high-class plays, for which admission tickets were sold from 50 cents to $2; that on the day mentioned, however, he made an agreement with the Universal Film Company, whereby the latter was given a license to exhibit in the theater moving pictures entitled "Traffic in Souls"; and that under this license the Film Company since that time has been and now is exhibiting the pictures, for which an admission is charged at the rate of 25 cents to $1.

The complaint alleges that the moving pictures which are being exhibited are neither a first-class nor any other kind of a play, and for that reason the theater is being used for a purpose other than that stipulated in the lease, and in addition thereto that the exhibition of such pictures also violates the other clause in the lease above quoted, which renders the premises "extrahazardous on account of fire." These allegations are supported by affidavits which were used upon the motion.

In passing upon the question presented by the appeal, it is unnecessary to determine whether the premises are being occupied for a purpose other than a first-class theater. That must be determined upon the trial of the issues. It is sufficient to say that there is a great conflict in the papers upon that subject. If the facts set out in the affidavits presented by the plaintiff are true, then the premises are not being used as a first-class theater, and if such use is continued the value of the property will be greatly diminished.

Our attention is called to the fact that plaintiff believes such will be the result, since he has offered to cancel the lease rather than to have

the theater so occupied. Not only this, but the fact is not disputed but what the use to which the theater is now being put is extrahazardous on account of fire. In answer to this the defendants state they have complied with all the requirements of the municipal authorities; but, if so, the present use of the theater would seem to be a violation of the clause with reference to an increased hazard on account of fire.

[1] While it appears that the plaintiff has accepted rent which has accrued since the new use of the premises commenced, it did not thereby consent to such use, because it then, and since has, insisted that the plaintiff was using the theater in violation of the lease.

[2] Without expressing any opinion upon the merits of the controversy, we think a proper case was presented in which an injunction should have been granted pending the action.

The order appealed from is reversed, with $10 costs and disbursements, and the motion for an injunction granted, with $10 costs. All concur.