ROSE BOVIN, Respondent, *v.* SAMUEL GALITZKA et al., Defendants, and PHILIP SCHORR, Appellant.

(Submitted January 7, 1929; decided February 13, 1929.)

*J. Irwin Shapiro* for appellant. Restrictions are to be strictly construed, and if inferences are necessary to sustain them their existence will be negatived. (*Clark v. Jammes*, 87 Hun, 215; *Bristol Hotel Co. v. Pegram*, 49 Misc. Rep. 535; *Conncaut Lake Ice Co. v. Quigley*, 225

Penn. St. 605.) Equity will not raise an implied covenant in restraint of the beneficial use of property. (*De Forest* v. *Byrne*, 1 Hilt. 43; *Sullivan* v. *Monohan*, 123 Ill. App. 467; *Kraft* v. *Welch*, 112 Iowa, 695; *Spalding Hotel Co.* v. *Emerson*, 69 Minn. 292; *Wertheimer* v. *Circuit Judge*, 83 Mich. 56; *Hyatt* v. *Grand Rapids Brewing Co.*, 168 Mich. 360; *San Antonio Brewing Assn.* v. *Brents*, 39 Tex. Civ. App. 443; *Hayton* v. *Seattle Brewing & Malting Co.*, 66 Wash. 248; *Boozer* v. *Bank*, 78 S. C. 5; *Stangap Colliery, etc.*, v. *Kelly*, 115 Va. 390; *White* v. *Kane*, 53 Mo. App. 300.)

*Jesse S. Raphael* for respondent. The language of the lease providing that the premises are " to be used and occupied Real Estate Office " necessarily implies a restrictive covenant. (*De Forest* v. *Byrne*, 1 Hilt. 43; *Sullivan* v. *Monohan*, 123 Ill. App. 467; *Spalding Hotel Co.* v. *Emerson*, 69 Minn. 292; *Wertheimer* v. *Circuit Judge*, 83 Mich. 56; *Bray* v. *Fogarty*, Ir. R. 4 Eq. 544; *Matter of Emerson*, 58 Minn. 450; *De Forest* v. *Byrne*, 1 Hilt. 43; *Kraft* v. *Welch*, 112 Iowa, 695; *Kaiser* v. *Zeigler*, 115 Misc. Rep. 281; *Weil* v. *Abrahams*, 53 App. Div. 313.) Restrictive covenants in contracts are to be given an ordinary construction with a view to ascertaining the actual intent of the parties thereto. (Berry, Restrictions on Use of Real Property, 58, § 38; *Deeves* v. *Constable*, 87 App. Div. 352; *Brockmeyer* v. *Sanitary District*, 118 Ill. App. 49.)

HUBBS, J. This action was commenced by the owner and lessor of real property to procure an injunction restraining the defendants, her lessee and sublessees, from using " the corner store and part of the cellar in the premises and building known as and by the street number 3001 Avenue N, in the Borough of Brooklyn " for any business other than a real estate office.

The lease in question was for a term of five years at

an annual rental of twelve hundred dollars. It described the premises leased as "the corner store and part of cellar in building known as No. 3001 Avenue N * * * to be used and occupied Real Estate Office." The complaint alleges that the lessee has sublet the said premises to the other defendants and that they are using said premises for a grocery and dairy store, and demands judgment that the sublease be declared void and that the sublessees "be enjoined and restrained from using or occupying said demised premises or any portion thereof for any purpose other than as a real estate office."

The question for our determination is whether the words "to be used and occupied Real Estate Office," constitute a restrictive covenant which prevents the lessee or his sublessees from using said "corner store and part of cellar" for any purpose other than a real estate office.

The plaintiff had the absolute right, by appropriate provisions in the lease, to specify that the leased premises could be used for a particular purpose only. (*Round Lake Association* v. *Kellogg,* 141 N. Y. 348.)

If the words in question have that effect, a court of equity may, by injunction, prevent the tenant and sublessee from using the premises for any other purpose. (*Round Lake Association* v. *Kellogg, supra.*)

In the absence, however, of restrictions contained in a lease, a tenant may occupy and use the premises leased in any lawful way which he desires, not materially different from that in which they are usually employed, to which they are adapted and for which they were constructed. (*U. S.* v. *Bostwick,* 94 U. S. 53; *Presby* v. *Benjamin,* 169 N. Y. 377.)

It is not alleged in the complaint that the defendants have in any way violated any implied obligations resting on a tenant. It is not charged that the defendants have used the premises in an improper or untenant-like manner, or put them to a use different from that for which they

had usually been used, or for which they were adapted and constructed. In view of the description of the premises contained in the lease — " the corner store and part of the cellar "— it could hardly be urged that their use as a grocery and dairy store constituted a violation of any implied obligation on the part of the tenant and his sublessees.

There is no express covenant in the lease restraining the defendants from using the premises for a store. It is urged, however, by the landlord that the words in the lease " to be used and occupied Real Estate Office " have the effect of a restrictive covenant and prevent the use of the premises by the tenant and his sublessees for any other purpose.

The general rule for construing restrictive covenants or conditions contained in a lease is to so construe them as to carry out the intent of the parties. The intent of the parties must be ascertained from an examination of the whole lease, and not from the particular clause alone. When the lease is examined as a whole, it seems reasonably clear that the words in question were used to express the intended purpose of the lessee in regard to the use of the premises and not as a restriction upon the use of the premises to the one purpose stated. The premises consisted of a store and cellar. The lessee was given the right to sublet the premises without the consent of the owner. The lease provided: " That the Tenant shall not occupy, or permit or suffer the same to be occupied for any business or purpose deemed disreputable or extra-hazardous on account of fire * * * nor use the demised premises or any part thereof, nor suffer or permit their use for any business or purpose which would cause an increase in the rate of fire insurance on said building, and the Tenant agrees to pay on demand any such increase." The nature of the premises — a store and cellar — the fact that the premises could be sublet, and the above quoted provisions of the lease, all indicate that the words

in question were not intended by the parties to constitute a restriction upon the use of the premises by the lessee or his sublessees. (*Brugman* v. *Noyes*, 6 Wis. 1; *Barnett* v. *Clark*, 225 Mass. 185.)

The order of the Appellate Division should be reversed and the judgment entered on the order of the Special Term affirmed, with costs in this court and in the Appellate Division.

The first question certified is answered " No." The second question is answered " Yes."

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Ordered accordingly.