Invino H. Saypol, J.
Both parties move for summary judgment in this action for declaratory judgment. They agree that their controversy presents a jural question warranting a declaration, that there is no issue of fact and that summary judgment is appropriate, hut according to their respective contentions.
The plaintiff’s motion is granted and the defendant’s cross motion is denied and the counterclaim is dismissed. The plaintiff is entitled to judgment declaring that the true and proper intent of the lease and supplemental lease is that the value of the land demised therein, upon which value the annual rental for the renewal period is based, shall be its value as one parcel at its full and fair worth or price at private sale, taking into account and giving effect to its agreed use as a garage.
The plaintiff is the tenant by assignment on October 1, 1945 from the preceding tenant of the lease dated August 31, 1937 for the garage on the land owned by the defendant landlord at the southeast corner of 64th Street and Third Avenue, Manhattan. The parties here made a supplementary agreement dated May 6, 1947, providing for an increase in rent, an option to rebuild and also for two successive 21-year lease renewal terms. The rental upon renewal was to be fixed by agreement or by their respectively chosen appraisers or if they disagreed by either appraiser and their appointed umpire or by the umpire alone.
*998 The issue arises in connection with the rent to be fixed for the first 21-year renewal period running from April 1, 1958. The parties, then their selected appraisers disagreed. Instead of an umpire appointed by the appraisers the parties have chosen to have their question answered in this action for declaratory judgment as the guide for their appraisers.
The following provisions of the several instruments in part paraphrased and in part quoted are pertinent to decision. The original lease of land and garage made in 1937 and assigned to this plaintiff in 1945 conveys an estate “free from all restrictions arising from grant that would operate to prevent the erection and operation of the garage hereinafter mentioned ”, which shall be kept insured and replaced by a building of at least equal value in the event of fire “ and it is agreed that the premises hereby demised shall be used and occupied by the lessee, its successors or assigns, as a place for the construction, operation and maintenance of an Automobile, Garage, Sales Room and Repair Shop, or for any other ordinary business without the consent of the lessor ”. (Emphasis supplied.) The tenant covenants to surrender buildings, etc., in good order at the expiration of the term. The 1947 agreement, as a modification of the 1937 lease, by direct reference thereto and to the assignment in 1945 to this plaintiff lessee, provides for an increase in rent. It permits alteration or the erection of a new building of a character of construction equal to the building now erected on the premises. Such alteration or new construction would be under the strict supervision and control of the owner including disbursement of the tenant’s moneys for any of those purposes, all at the tenant’s expense. There then follows the provision for the two 21-year renewal options of “ the aforesaid lease ” at a rent to be agreed “ or in case of their failure to agree, a sum equal to 6% of the fair market value of the land covered by the first renewal lease as then fixed and determined by appraisal as hereinafter provided, but in no event less than the rental for the last year of the preceding term as hereby fixed;”. While the parties have gone no further according to their 1947 agreement after their appraisers could not agree, coming to court instead in this action, according to the prescribed formula, upon disagreement of the appraisers, the latter with their umpire or the umpire alone “ shall in making their or his determination, appraise the value of said land as one parcel at its full and fair worth or price at private sale and six (6%) pereentum of the appraisement or valuation thereof shall be the annual rental of the whole of the premises.” Finally and significantly, *999 paragraph 4 of this 1947 supplemental agreement integrates the underlying 1937 lease which this plaintiff tenant holds by its 1945 assignment providing “ That all the other terms, provisions and conditions of the said lease dated August 31, 1937 continue to remain in full force and effect, except as hereinabove modified.”
The plaintiff tenant expresses the respective contentions this way. If it prevails, the rental for the land upon which its predecessor erected the garage would reflect the fact that the premises were expected to be and are used for a garage and related business uses. If the defendant landlord succeeds here, in view of the change in the neighborhood and the erection of numerous tall office buildings and apartment houses in the area, the plaintiff tenant might be required to pay a rental as if the premises (land) were available for such multi-storied office or apartment building.
The defendant landlord phrases the issue that it is the plaintiff’s view that-the land is to be evaluated as one parcel at its full and fair worth or price at private sale, “ taking into account and giving effect to its present use and to other restrictions.” In other words, plaintiff asks the court to decree that the land must be valued only as part of a parcel of real estate improved with an obsolete garage building and restricted to that use only. For itself, says the defendant there should be judgment that the method of appraisal of the land as one parcel at its full and fair worth or price at private sale ‘ ‘ taking into account and giving effect to its availability for unrestricted use.” In other words, defendant asks the court to decree that the land must be valued as land which can be used and improved by a building to produce the best economic return.
Where there is need for interpretation, it is a question of intent of the parties on an examination of all the instruments in the surrounding circumstances. (Bovin v. Galitzka, 250 N. Y. 228, 232.) If there is no ambiguity the plainly understandable language is the agreement of the parties. (Hartigan v. Casualty Co. of America, 227 N. Y. 175; Heller & Henretig, Inc., v. 3620-168th St., 302 N, Y. 326.) Here, interpretation or construction is unnecessary for the words are clear and there is nothing vague or not ordinarily understandable in any of the instruments — the 1937 lease, the 1945 assignment or the 1947 supplemental lease.
The defendant cites Bovin (supra) as authority for its position, that this plaintiff is free (it must be remembered, during the tenancy for a maximum of 42 years — the present *1000 term of 21 years plus the further available 21-year option) to reconstruct in any way without hindrance or restriction. It cites too Borrowe v. Milbank (5 Abb. Prac. 28) and Ruth v. S. Z. B. Corp. (2 Misc 2d 631, affd. 2 A D 2d 970) among other cases, as precedent authority for its position that the appraisal process here contemplates unlimited and unrestricted utilization of the land. It is at once apparent that if there be no other restriction, nevertheless, there is certainly the matter of the maximum term of 42 years.
Bovin (250 N. Y. 228, supra) which has been quoted here for the rule for ascertainment of intent is cited by the defendant for the proposition that there is no restriction here on use of the land. Bovin (supra) was an action to enjoin the use of premises leased “ ‘ to be used and occupied [for a] Real Estate Office. ’ ” And it was in that connection that the court upon the over-all view concluded that there was no intent for a restriction citing United States v. Bostwick (94 U. S. 53) and Presby v. Benjamin (169 N. Y. 377). Absent restrictions in the lease, the tenant may use the premises for a lawful purpose not materially different from that in which they are usually employed, to which they are adapted and for which they were constructed. Here, distinguishably, the parties expressly conveyed by the assigned 1937 lease, a garage and it was expressly agreed that the demised premises “ shall be used and occupied by the Lessee, its successors and assigns [this plaintiff] for the construction, operation and maintenance of an automobile garage ” to be surrendered to the landlord at the end of the term. The detailed provisions in the 1947 supplemental lease investing strict control in the defendant in the event of alteration or reconstruction fortify the conclusion there here there is provided for the owner as a matter of absolute right, by appropriate provisions in the agreements, restriction that the leased premises could be used for a particular purpose only (Round Lake Assn. v. Kellogg, 141 N. Y. 348, 356, cited in Bovin v. Galitzka, 250 N. Y. 228, 231, supra). The property conveyed is usable for a garage or something materially like a garage.
Looking at the Borroioe and Ruth cases (supra), from the defendant’s brief it is evident that there are differences in language. Thus in Borrowe (5 Abb. Prac. 28, 37, supra), the rent was a percentage of the appraised value of the land “ at its full and fair worth, at private sale, considering the same as an unencumbered vacant lot.’ ” And in Ruth (2 Mise 2d 631, 634, supra), a percentage of “ ‘ the full and fair value of the land demised which the same would sell for as one parcel *1001 considered as vacant and unimproved, in fee simple, by private contract free of lease and unencumbered.’ ”
The conclusion is plain that the appraisers must value the fair market value of the land on this first renewal at its full and fair worth at private sale recognizing that between buyer and seller dealing at arms’ length and under no compulsion the fee is encumbered by this 42-year term of land appropriated to garage use. Hofstadter, J., in Ruth (2 Misc 2d 631, 635-636, supra, cites Sherman v. Clarke (42 N. Y. L. J., Feb. 19, 1910, p. 2133, col. 3) for his statement that ordinarily a legally imposed restriction on the use of land is a factor properly to be taken into account in fixing its value, even as vacant and unimproved. But he points out as has been here, too, the absence in that case and also in Terry v. Moore (3 Misc. 290) of critical and determinative phraseology: “ ‘ free of lease and unencumbered. ’ ” Sherman v. Clarke (supra) set forth in full in McAdam on Landlord and Tenant (5th ed., Vol. 1, pp. 756-757) probably was the model for the instant lease. Judge Davis in that case held that full and fair value of land to be determined is in law subject to restrictions upon use.
It may be observed, although unnecessary to this decision, that the plaintiff on its asserted position here would be estopped in the future from taking any contrary position.
The plaintiff’s motion for summary judgment is granted and the defendant’s motion on its counterclaim is denied.
Settle order providing for declaratory judgment in favor of the plaintiff and dismissing the defendant’s counterclaim.