Charles A. Loreto, J.
' Defendant moves for summary judgment and plaintiff cross-moves for summary judgment. Thus, a question of law is presented involving the interpretation of the lease clause upon its first renewal and relating to the fixation of ground rent. The clause reads: ‘‘ The rental is to be six (6%) percent of the value of the land only, without improvements^ at the time ”. By the lease, the plaintiff tenant was required to demolish and build and did so. It argues that the lease abounds with restrictions limiting the use of the land to its present structure and commands the plaintiff to maintain the building in good condition and repair. While the structure *522 to be erected required defendant’s approval, the lease permitted so much of the land to be covered as the law allowed and by a structure of at least six stories. No restrictions of land use are referred to other than those created by the agreement. It is defendant’s contention that the land value must be appraised and the rental value fixed as if there were no improvements thereon. Thereby, plaintiff argues, defendant subtly introduces into the stated formula the phrase “ vacant and unimproved ”. No distinction is perceived between that phrase and the phrase “without improvements ”. What plaintiff argues is the hardship of the contract, but a poor bargain may not be made good by judicial construction or recasting of the contract.
The language adopted by the parties is clear and unambiguous. It provides the formula for determining the rent upon the exercise of the option to renew the lease beginning 21 years after its inception. The express purpose of the landlord was to provide for rental based upon the value of the land only which would not be subject to the acts of either party. It was intended to remove any other consideration from the determination of the rental to be fixed during the succeeding two 21-year renewal periods. If the building was to be considered in determining the rental value bringing about either increase or decrease thereof, that would have been stated.
In Ruth v. S. Z. B. Corp. (2 Misc 2d 631, 634, affd. 2 A D 2d 970), the lease provision fixed the renewal rental at 6% of “ ‘ the full and fair value of the land demised which the same would sell for as one parcel considered as vacant and unimproved, in fee simple, by private contract, free of lease and unencumbered ’.”
As stated, there is no incumbrance here and the failure to mention incumbrances in the stated formula presents no point of distinction. The court there held (p. 636) that if the phrase ‘ ‘ ‘ free of lease ’ is given its plain and natural meaning, the lease in its entirety must be eliminated from consideration,whether its provisions spell good or ill fortune for one party or the other.” Further, the court stated (p. 636): “ In my opinion it would be repugnant to the language employed to hold that the limitation on use springing exclusively from the lease itself may be treated by the arbitrators as an element of value. Whatever else the parties may have had in mind, it is inconceivable that when they declared explicitly that the land be valued ‘ free of lease ’, they intended that the arbitrators might give heed to the very lease which so declared. Such a ruling would delete the phrase ‘ free of lease ’ from the formula.” Nothing contained *523 in United Equities v. Mardordic Realty Co. (16 Misc 2d 996) is to the contrary. The clause in that case relating to the fixation of rent differs from that at bar. Present here is that rental is to he based on the value of land only, without improvements, at the time. The words ‘ ‘ only, without improvements, at the time ” are absent in the United Equities case (supra).
Defendant’s motion is granted and plaintiff’s motion is denied. Settle order.