Meyer Tobias, J.
The petitioner landlord instituted this proceeding to evict the respondents, tenant and undertenant, on the ground that the tenant violated a restrictive covenant in their lease. Paragraph ‘1 First ” of the lease agreement dated December 23, 1964, provides in part the following: 1 ‘ for the term of thirteen (13) years and four (4) months * * * to commence on the 1st day of January, 1965, and to terminate on the 30th day of April, 1978, to be used and occupied only as and for a supermarket, with the right to sell all products now or hereafter *1077 sold in chain supermarkets ” (emphasis supplied). Paragraph ‘1 Tenth ’ ’ of said lease agreement provides in part the following: “ The Tenant shall have the right to assign this Lease, to sublease all of the demised premises, or to sublet parts of the demised premises, upon condition that such assignment, subleasing or subletting shall be for the use permitted under this Lease ” (emphasis supplied). The original tenant named in said lease agreement was Packer’s Super Markets, Inc. The lease was assigned to H. C. Bohack Co., Inc., who is the present tenant of the premises. H. C. Bohack Company, Inc., then sublet the premises to the present undertenant, Bobbins Mens and Boys Wear. The undertenant is presently in possession of the entire premises.
Petitioner claims that the lease restricts the use of the premises only for a supermarket and that the undertenant is not a supermarket. Since said restrictive covenant has allegedly been violated, the landlord has terminated the lease and brings this proceeding for eviction.
The respondents raise two main defenses. They claim that there is no restrictive covenant in said lease limiting the use of the premises for a supermarket. If the court holds that there was a restrictive covenant, the respondents argue that the undertenant was using the premises as a supermarket.
What type of store does the undertenant now operate in the premises and can it be considered a supermarket? The petitioner’s Exhibits 1 and 2 (A through H) indicate that the premises is primarily being used for the sale of clothing, men’s clothing, and men’s furnishings. Petitioner’s Exhibit 2Gr indicates that a small portion of the premises, of shelving and a refrigerator, occupy a very small percentage of the premises demised herein by the landlord to the tenant.
The testimony adduced with respect to the total sales in the premises by the subtenant and with respect to food items was insignificant as to the total amount of sales in the premises. The actual amount of food sales could not be determined. The books and records of the subtenant did not accurately indicate the food purchases or the food sales with respect to the store premises for the months prior to the commencement of this proceeding. Petitioner’s Exhibit L indicates that in supermarkets the sale of food items constituted the greater portion of the sales. It thus appears that the premises herein are being used by the subtenant as not a supermarket but are being conducted mainly for the sale of men’s clothing and men’s furnishings, with an incidental part of the premises used for the sale of food items. The exhibits introduced by the undertenant merely show photo *1078 graphs of the food items concentrating on the setup in the small area which they occupy in comparison to the entire premises and do not show the rest of the areas wherein the clothing is being sold, so that comparison can be made with respect to the amount of space allotted to the various items sold. It thus appears that the food items sold were merely incidental to the main business of the store.
With respect to the question as to a restrictive covenant in said lease, the basic rule for construing restrictive covenants is to so construe them as to carry out the intent of the parties. The intent of the parties must be ascertained from an examination of the whole lease (Bovin v. Galitzka, 250 N. Y. 228, 232). There is no dispute that the original tenant, Packer’s Supermarkets, Inc., intended to use the premises only as a supermarket at the time when the lease was made. The intent of the parties at the time when the lease was entered into between the landlord and the original tenant, Packer’s Supermarkets, Inc., was to use the premises for the sale of food products primarily. Nothing in the record in any way indicates that the premises were used in any other manner or for the sale of any other products such as now being sold by the present undertenant. Upon examination of all the facts submitted at the trial of this action, I am satisfied that the intent of the parties was to use the leased premises as a supermarket as hereinafter defined.
The law is well settled that the landlord may by express provisions in a lease limit and restrict the use of a building for a specific purpose. He has a legal right to control the uses to which his building" may be put and may do so by appropriate provisions in a lease (Lyon v. Bethlehem Eng. Corp. 253 N. Y. 111, 113, 114; Bartholdi Realty Co. v. Robard Realty Co. 156 App. Div. 528). A restriction to an exclusive specified purpose will be upheld. (See Preparation of Leases by Milton R. Friedman, 1969 printing, pages 105-106. Doherty v. Eckstein Brewing Co., 198 App. Div. 708.)
Upon examination of paragraphs “ First ” and “ Tenth of said lease, I find that there was a restrictive covenant to limit the use of the leased premises to a supermarket. In Bovin v. Galitzka (250 N. Y. 228, supra) there was no appropriate wording in the lease agreement limiting the use of the leased premises as a real estate office. The word “ only ” or the words “ not for any other purpose ” were not used in the Bovin case. In Lyon v. Bethlehem Eng. Corp. (supra) the word “ only” was used. In 57th St. Luce Corp. v. General Motors Corp. (182 Misc. 164, affd. 267 App. Div. 978, affd. 293 N. Y. 717) the word “ only ” *1079 or the words “ not for any other purpose ” were not used in the lease.
In Baumert v. Malkin (2351 N. Y. 115) relied upon by the respondents in their memorandums, the covenant therein provided that the first buildings to be erected on the premises shall be first class private dwellings erected for use of one family only. The Court of Appeals held therein that the covenant required that a building should be used as a private house and not merely constructed as a private house. In the case now before me, it is clear that the lease agreement provides that the premises shall be used only for a supermarket.
Did the tenant violate the restrictive covenant by subletting the premises to the undertenant, Bobbins Mens and Boys Wear? To answer this question it would be necessary to define what is a supermarket. In “ Webster’s New Collegiate Dictionary,” 1960 edition, the word ‘ ‘ supermarket ’ ’ is defined as follows: “ a departmentalized, usually self-service, retail market of a chain-store system or an independent selling foods and other household merchandise.” (Italics supplied.) In “ The World Book Encyclopedia ” Volume 17 (1964) the word “ supermarket ” is defined as follows: “ Supermarket is a large retail store that provides a one-stop food shopping service. It offers foods of all kinds in one location. Five principal characteristics of a modern supermarket are its large size, the wide variety of foods it offers, its self-service system for shoppers, sales on a cash and carry basis, and its many nonfood items. Nonfood items include housewares and kitchen aids, cosmetics and beauty aids, magazines and sometimes hardware, cutlery and lawn care materials. Some supermarkets provide snack bars, playgrounds and entertainment facilities for children and parking areas for cars. ’ ’
The court in its research could only find two cases relating to supermarkets, but neither one of which actually defined what is a supermarket. In Rosen v. Pustilnik (204 N. Y. S. 2d 221) the only issue raised therein was whether a supermarket could sell nonfood items. In the original lease therein, the use was restricted to a “ food market.” However, the lease was modified to restrict the use to a “ supermarket.”
Judge Scileppi in his ruling in said case indicated that a supermarket could sell nonfood items and did refer to the fact that the present day supermarkets resemble small department stores. The case did not define what is actually a supermarket.
The other case referring to a supermarket was a decision in the State of Connecticut, the matter of State v. Harrington (3 *1080 Conn. Cir. 674). This case again did not define what is a supermarket. It merely held that a supermarket as such is not a grocery store. The issue in the Connecticut case was really a limited issue to the fact that a supermarket sells other items than food.
In Matter of Feist & Feist v. Long Is. Studios (29 A D 2d 186) the tenant agreed in the lease to use the premises solely for a general services motion picture studio. The majority of the Appellate Division, Second Department, held that the tenant violated the restrictive covenant in the lease and the landlord was awarded possession. In 18th Ave. Pharmacy v. Wilmant Reatty Corp. (95 N. Y. S. 2d 534) the premises were restricted to be used only as a drug store and luncheonette. The tenant subleased a portion of the premises to a watchmaker who sold watches and jewelry. The tenant therein argued that it is common knowledge that present-day drug stores resemble small department stores in relation to the articles sold. Judge BuBENSTEirr stated that the tenant has a right to be judged in the light of these modern stores and not by comparison with the old pharmacy. However, he held that notwithstanding such resemblance, he did not believe that a modern drug store is one for the sale of jewelry and watches.
The court finds the use of the premises is restricted by express provision of the lease, any material departure from the use specified constitutes a violation of the express terms of the lease (Lyon v. Bethlehem Eng. Corp., 253 N. Y. 111, 115, supra; see, also, Weil v. Abrahams, 53 App. Div. 313; Hammerstein Opera Co. v. Belasco, 161 App. Div. 199).
The court defines a supermarket as a retail outlet that primarily sells food and in addition to the sale of food, other nonfood items may be sold, such as clothing, electrical appliances, hardware, drug items, perhaps any other product.
To hold that a store with its greatest amount of business, 90% or more, in nonfood items and in which the sale of food items is minimal, is a supermarket, then of necessity every department store would be deemed a supermarket. The court finds that this does not come under the definition of supermarket.
In Colonial Operating Corp. v. Hannan Sales & Serv. (265 App. Div. 411) the use provided for therein was only for a showroom for automobiles and accessories. The issue raised dealt with the tenant selling used cars in addition to new automobiles. Nothing in the lease limited the use to new automobiles. Therefore the court held there was no violation for selling used cars. *1081 The said case dealt solely with automobiles and not with any other product.
The respondents also claim that the petitioner must show that there was a substantial violation of the lease. I hold that the violation of the restrictive covenant of use for a supermarket was a substantial violation of the lease. However, in any event a similar argument was submitted and discussed by Judge- Hopkins in his dissent in Matter of Feist & Feist v. Long Is. Studios (29 A D 2d 186, 189-192). The majority of the Appellate Division, Second Department, in a 4-to-l decision, rejected this argument. Vanguard Divsersified v. Review Co. (35 A D 2d 102) does not attempt to-change the law in that respect. In the Vanguard case, the issue was whether the tenant violated the industrial rules of the State Department of Labor. The court held that there was an issue as to whether the tenant substantially complied with said State industrial rules. It is noted at footnote 1 of page 104 in the Vanguard case that the State Inspector testified at the trial that certain of the violations were structural in nature, which under the provisions of the lease were the responsibility of the landlord.
Where a lease is violated and notice is sent to cure the violation and said notice is not complied with, the landlord has the right to evict the tenant since the lease is terminated. (First Nat. Stores v. Yellowstone Shopping Center, 21 N Y 2d 630.)
Madison 52nd Corp. v. Ogust (49 Misc 2d 663, affd. 52 Misc 2d 935) is not applicable to the facts in the case now before me.
In conclusion, the court finds that the subtenant conducts a clothing store, not a supermarket, and that the tenant violated the restrictive covenant clause in the lease. The landlord is entitled to possession of the premises.
The landlord stated to the court that it is not seeking a forfeiture of the lease and that should tenant reconvert the premises to° the use of a supermarket, it would have no objection in permitting the tenant to remain.
Accordingly, final judgment is awarded to the landlord, granting them possession of the premises, a stay of the execution to and including August 31, 1971, on condition that should tenant convert the premises to the use of a supermarket, then the final judgment shall be deemed null and void and the petition dismissed.
The stay is granted on condition that the tenant continue to pay for use and occupancy of the premises at the same rate as heretofore paid as rent pursuant to the terms of the lease, which shall become due and payable on the first day of each *1082 month in advance. In the event that the rent is not paid as herein provided, the landlord may on five days’ written notice to the tenant apply to the court for an advance of the stay.