■ TIMES SQUARE STORES CORPORATION, INC., Appellant, v BERNICE REALTY COMPANY, INC., Respondent.—In an action for a judgment declaring the rights of the plaintiff under a lease, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Vaccaro, J.), entered September 1, 1987, which, after a nonjury trial, declared the plaintiff to be in violation of the lease on the ground that it was operating a business on the premises in violation of the certificate of occupancy.

Ordered that the judgment is reversed, on the law and the facts, with costs, and it is declared that the defendant's refusal to execute an application for an altered certificate of occupancy is unreasonable, and the defendant is directed to execute such an application within 30 days after service upon it of a copy of this decision and order, with notice of entry.

This is the second time these parties have appeared before this court *(see, Times Sq. Stores Corp. v Bernice Realty Co.,* 107 AD2d 677). Their dispute arose after the defendant landlord notified the plaintiff, its tenant, that the plaintiff was occupying the leased building in violation of the certificate of occupancy. This constituted a breach under the terms of the lease. The plaintiff attempted to cure the breach by applying to alter the certificate of occupancy, but the defendant refused to execute the application. The Supreme Court, Kings County (Rader, J.), ordered the defendant to execute the application, but on appeal this court modified that order by deleting the provision requiring the defendant to execute the application for a certificate of occupancy, and remitted the matter for trial to determine the propriety of curing the violations in the manner proposed by the plaintiff *(Times Sq. Stores Corp. v Bernice Realty Co., supra,* at 681).

At trial the plaintiff produced evidence that it was using the premises in the manner contemplated by the parties at the time they entered into the lease, that it had generally complied with the terms of the lease in expanding the number of occupants, and that the building could probably safely support many times more than the number of occupants permitted by the certificate of occupancy. The defendant did not seriously

dispute this, and ingenuously explained that the reason it refused to execute the application was because it wanted to extract a higher rent.

The trial court refused to order the defendant to execute the application, reasoning that the numbers in the certificate of occupancy were set by a public agency and it could not review the appropriateness of those numbers.

Use clauses, such as the one in issue here, are construed to give effect to the intention of the parties (*Bovin v Galitzka*, 250 NY 228, 232; *see also*, 33 NY Jur, Landlord and Tenant, §§ 136, 137). It was the intention of the parties that the premises be used as the plaintiff's corporate headquarters and warehouse and that the plaintiff be permitted to expand. In executing the lease the defendant impliedly promised to refrain from unreasonably obstructing the plaintiff's expansion. The defendant refused to execute the application to alter the certificate of occupancy because it wanted to increase the amount of rent. Because the plaintiff's use had not changed from the date the lease was executed, the defendant's refusal to execute the application was unreasonable. Thompson, J. P., Weinstein, Eiber and Harwood, JJ., concur.