■ RONALD BENDERSON et al., as Trustees Under a Trust Agreement Dated October 14, 1985, Known as the BENDERSON 85-1 TRUST, Appellants, v WIPER CHECK INC., Respondent. [697 NYS2d 448] —Judgment reversed on the law with costs, cross motion denied, motion granted and judgment granted in accordance with the following Memorandum: Supreme Court should have granted plaintiffs' motion for summary judgment and declared that plaintiffs had the right to relocate defendant under the terms of the parties' lease agreement. The record establishes that in July 1992 plaintiffs leased premises at their shopping center to defendant for a period of five years with an option for an additional five-year term. The premises consisted of "approximately 32 square feet of space located at Bells Plaza, Eggert Road, Tonawanda, New York * * * and the right to use one drive thru lane directly adjacent to each side of the kiosk". In 1997 defendant exercised its option to renew the lease. Paragraph 39 of the lease provided: "In the event Bells Supermarket is closed for a period of six (6) months and not replaced by *another supermarket of similar size*, Lessee or Lessor may terminate this Lease by giving the other six (6) month's prior written notice, such notice to be given during the 7th month of said store's closed period. In the event Lessee exercises its right to terminate this Lease and Lessor replaces Bells Supermarket with *another supermarket of similar size* prior to the expiration of the above referenced six (6) month notice period, Lessee's termination shall be void and this Lease shall continue in full force and effect. In the event that Lessor does not *replace* Bells Supermarket *with another supermarket* and Lessee does not terminate this Lease as above referenced, Lessor shall have the right to relocate Lessee to another area within the shopping center. In the event that the relocation area is not acceptable to Lessee, Lessee may terminate this Lease by giving Lessor written notice, such notice to be served within ten (10) days of Lessee's receipt of Lessor's relocation notice" (emphasis added). During the term of the lease, plaintiffs replaced Bells Supermarket with Quality Markets and thereafter replaced Quality Markets with Office Depot. Defendant did not seek to terminate the lease based on the replacement with Office Depot. Plaintiffs sought to relocate defendant to another area within the shopping center, but defendant refused to relocate.

Plaintiffs commenced this action seeking a declaration that paragraph 39 of the lease entitled them to relocate defendant to another area of the shopping center. In April 1998 plaintiffs moved for summary judgment based on paragraph 39, and defendant cross-moved for summary judgment. Supreme Court denied the motion and granted the cross motion, declaring that

plaintiffs have no further rights under paragraph 39 of the parties' July 9, 1992 lease. That was error.

The interpretation of an unambiguous written agreement is an issue of law for the court to determine (*see, Chimart Assocs. v Paul*, 66 NY2d 570, 571-572; *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.*, 32 NY2d 285, 290-291). In reviewing such an agreement, it is the obligation of the court to examine the terms of the contract as a whole in order to determine the intent of the parties (*see, Weiss v Weiss*, 52 NY2d 170, 174; *Little v Blue Cross*, 72 AD2d 200, 203). Morever, contract terms should be given their ordinary, popular and nontechnical meanings (*see, Benderson Dev. Co. v Schwab Bros. Trucking*, 64 AD2d 447, 456).

Here, plaintiffs are entitled to summary judgment based on the clear and unambiguous language of the contract, when viewed as a whole. The provisions of paragraph 39 apply when plaintiffs fail to replace "Bells Supermarket with another supermarket." In that regard, the term "supermarket" is first used in the lease in reference to a prior supermarket, which was a large retail grocery store. Moreover, the plain meaning of "supermarket" is "a departmentized self-service chain or independent retail market that sells foods, convenience goods, and household merchandise arranged in open mass display" (Webster's Third New International Dictionary 2295; *see also, 30-88 Steinway St. v Bohack Co.*, 65 Misc 2d 1076, 1077-1078, *judgment reinstated* 42 AD2d 577, *lv dismissed* 33 NY2d 692). Therefore, when plaintiffs replaced Quality Markets with Office Depot, admittedly not a grocery store, they were entitled to relocate defendant to another area within the shopping center upon defendant's failure to terminate the lease. Consequently, we reverse the order, grant the motion, deny the cross motion and grant judgment in favor of plaintiffs declaring that, under paragraph 39 of the parties' lease, plaintiffs had the right to relocate defendant to another area within the shopping center.

All concur except Green, J. P., and Balio, J., who dissent in part and vote to modify in the following Memorandum.

Green, J. P., and Balio, J. (dissenting in part). We respectfully dissent in part. The lease does not define what is meant by the term supermarket, and the phrase "another supermarket of similar size" is ambiguous (*see, Burber v Jilamb Prime Meat*, 115 Misc 2d 976). Thus, extrinsic evidence may be considered in determining the intent of the parties, and, on this record, factual issues exist whether the parties discussed that lease provision and whether the parties intended the phrase "another supermarket of similar size" to refer to an-

other food supermarket like Bells Supermarket or to another supermarket of similar size like Office Depot. We therefore would modify the order by denying defendant's cross motion for summary judgment and vacating the declaration. (Appeal from Judgment of Supreme Court, Erie County, Flaherty, J.— Declaratory Judgment.) Present—Green, J. P., Lawton, Wisner, Hurlbutt and Balio, JJ.