■ VILLAGE OF WEBSTER, Appellant, v MONROE COUNTY WATER AUTHORITY et al., Respondents. [703 NYS2d 648] —Judgment unanimously modified on the law and as modified affirmed without costs and judgment granted in accordance with the following Memorandum: This case involves a dispute between plaintiff, Village of Webster (Village), and defendants, Monroe County Water Authority (Authority) and Town of Webster (Town), regarding the provision of water to a part of the Town referred to as "Authority Service Area #1". The Village and Town entered into a contract in 1987 whereby the Village agreed to operate and maintain the Town's water delivery system and sell water to Town residents, including those in "Authority Service Area #1". The 30-year contract was subject to renegotiation at five-year intervals. In 1992 the Village entered into a contract with the Authority whereby the Village agreed to purchase from the Authority all water necessary to supply the Village's customers in Authority Service Area #1. In connection with the 1992 agreement, the Authority obtained the Town's approval for the Authority to use those facilities within Authority Service Area #1 necessary to effectuate water service. The 1992 agreement had a term of 40 years. The 1987 agreement between the Village and the Town expired in 1997 due to the failure of the parties to renegotiate material terms. In January 1998 the Town adopted resolutions changing its supplier of water to the Authority and thereafter contracted with the Authority for the provision of water to the Town for a period of 40 years. The Village commenced this action for, *inter alia,* judgment declaring that the 1992 agreement between the Village and the Authority is a valid and enforceable contract and that the Authority and the Town are in breach of the 1992 agreement.

We reject the contention of the Village that the Town is a

party to the 1992 agreement. In reading the contract as a whole to ascertain its intent and purpose (*see, W.W.W. Assocs. v Giancontieri,* 77 NY2d 157, 162-163; *Benderson v Wiper Check,* 266 AD2d 903), we conclude that the Town is not a party to the 1992 agreement between the Village and the Authority. The Town's approval at the end of the 1992 agreement was in reference only to paragraph 11, by which the Town authorized the Authority to use those facilities it deemed necessary to effectuate its water services. Because the 1992 agreement was not ambiguous regarding the extent of the Town's involvement, Supreme Court did not abuse its discretion in denying the motion of the Village to lift the stay of disclosure to depose the former Executive Director of the Authority.

The contention of the Village that the Town and the Authority breached the 1992 agreement is without merit. The Town cannot be in breach of a contract to which it was not a party. Regarding the Authority, the 1992 agreement is a requirements contract whereby the Authority was required to sell, and the Village was required to purchase, all water necessary to supply Authority Service Area #1. With the expiration of the 1987 agreement in 1997, the Village no longer had customers in Authority Service Area #1, and thus neither the Village nor the Authority was obligated to continue performing its respective obligations under the 1992 agreement. Thus, the Authority was free to contract with the Town for the provision of water to that area. We also reject the contention of the Village that the Authority and the Town violated the implied covenant of good faith and fair dealing (*see generally, Rowe v Great Atl. & Pac. Tea Co.,* 46 NY2d 62, 69; *Aventine Inv. Mgt. v Canadian Imperial Bank of Commerce,* 265 AD2d 513).

Finally, we reject the contention of the Village that the court erred in converting the Town's motion to dismiss the complaint with prejudice to a motion for summary judgment. CPLR 3211 (c) permits a court, "after adequate notice to the parties," to treat a motion to dismiss pursuant to CPLR 3211 (a) or (b) as a motion for summary judgment. In the absence of such notice, the court may treat a motion to dismiss as a motion for summary judgment when the parties have "otherwise received 'adequate notice' by expressly seeking summary judgment or submitting facts and arguments clearly indicating that they were 'deliberately charting a summary judgment course' " (*Mihlovan v Grozavu,* 72 NY2d 506, 508, quoting *Four Seasons Hotels v Vinnik,* 127 AD2d 310, 320; *see, Wadsworth v Beaudet,* 267 AD2d 727). In the present case, the record discloses no notice by the court of its intention to treat the motion as one for

summary judgment; however, the record indicates that the parties were deliberately charting a summary judgment course. Furthermore, despite the contention of the Village to the contrary, the Village's case against the Town involves issues of law only (*cf., Mihlovan v Grozavu, supra,* at 508).

We note that, because the Village seeks, *inter alia,* a declaratory judgment, the court should not have dismissed that part of the amended complaint seeking a declaratory judgment and should have granted judgment in favor of defendants (*see, Tumminello v Tumminello,* 204 AD2d 1067). Thus, we modify the judgment by vacating the provision dismissing that part of the amended complaint seeking a declaratory judgment and by declaring that: (1) the Town is not a party to the 1992 agreement and (2) the 1992 agreement was nullified by the termination of the 1987 agreement between the Village and the Town and is no longer binding on either the Village or the Authority. (Appeal from Judgment of Supreme Court, Monroe County, Fisher, J.—Declaratory Judgment.) Present—Hayes, J. P., Wisner, Hurlbutt, Balio and Lawton, JJ.