OPINION OF THE COURT
Edward J. Greenfield, J.
Plaintiffs move for a preliminary injunction seeking to enjoin the running of a 10-day period to cure an alleged commercial lease violation and to enjoin defendant from taking any action to terminate plaintiffs’ tenancy during the pendency of this action.
Plaintiff, 72nd & Broadway Gourmet Restaurant, Inc. (Broadway), is the tenant of the ground floor (street level) and basement located at 176 West 72nd Street, New York, New York. Plaintiff, Otto Gourmet, Ltd. (Otto Gourmet), is the “subtenant” and present occupant of the premises. Defendant is the landlord of the building.
Pursuant to an agreement dated May 25, 1976, defendant leased the premises to plaintiff Broadway for a term of 21 years, commencing June 1, 1976. Paragraph two of the lease provides, in part, as follows: “Tenant shall use and occupy demised premises for the operation of a restaurant for the sale of tacos, enchiladas and related other Mexican foods and for no other purpose.” Broadway subsequently sublet the premises to Otto Gourmet on or about June 8, 1978. Like its predecessor in occupancy, Otto Gourmet has operated it as a Mexican restaurant (Taco Rico). z
*373 The president of Otto Gourmet states that in the spring, 1981, Otto Gourmet installed four video games for public use within the restaurant. Defendant’s counsel then sent a 10-day notice to cure addressed to Broadway. The notice was dated October 13, 1981, and was based upon the use and occupancy of the subject premises for purposes other than the sale of Mexican foods in violation of paragraph two of the lease. Otto Gourmet did not receive the notice to cure until October 19, 1981 according to its president. On October 27, 1981, defendant was served with a copy of an order to show cause containing a temporary restraining order preserving the status quo until the hearing of this application. In the underlying action, plaintiffs seek permanent injunctive relief and a declaratory judgment.
Plaintiffs contend that the amusement devices are merely common accessories in a fast food restaurant, do not change the use of the premises from that of a restaurant to that of an amusement arcade, and do not constitute an additional use of the premises prohibited by the lease when read in its entirety. Defendant asserts that such use violates the express prohibition of paragraph two of the lease against using the premises for any purpose other than the sale of Mexican foods.
While this is not a case where a license from the New York City Department of Consumer Affairs for the operation of five or more such machines as a common show operation (Administrative Code of City of New York, § B32-40.0, subd e; § 32-41.0) is required, it is clear that the operation of video games is not an essential component to the operation of a Mexican restaurant. The introduction of these games constitutes a different use of the premises unrelated to the sale of tacos, enchiladas and other related Mexican foods and is violative of the lease.
Accordingly, the motion is denied.