(January 9, 1984)

■ DENNIS & JIMMY'S FOOD CORP., Respondent-Appellant, v MILTON COMPANY, Appellant-Respondent. — In an action for a declaratory judgment, defendant appeals and plaintiff cross-appeals, from an order of the Supreme Court, Queens County (Goldstein, J.), dated April 25, 1983, which denied their motion and cross motion, respectively, for summary judgment. Cross appeal by plaintiff dismissed for failure to properly perfect (see 22 NYCRR 670.8; *Cooper v Bosse,* 85 AD2d 616). Order reversed insofar as appealed from by defendant, on the law, defendant's motion for summary judgment granted and it is declared that defendant is entitled to exercise its remedies under the subject lease. Defendant is awarded one bill of costs. Plaintiff is a corporation which runs a grocery and delicatessen. It leased the subject premises from defendant in September, 1977, and agreed that the premises were "to be used and occupied only for sale of delicatessen and groceries". Thereafter, plaintiff caused four video games to be placed in the store. In November, 1982, defendant demanded the removal of such games, after which plaintiff commenced the instant action. The use clause in the lease is restrictive, permitting only the sale of delicatessen and groceries. The use of video games does not come within such categories, and is not incidental thereto. Therefore, it is prohibited by the terms of the lease (see *72nd & Broadway Gourmet Rest. v Stahl Real Estate Co.,* NYLJ, Dec. 16, 1981, p 11, col 1; *J.M.D. Stationery Corp. v Sussex Assoc.,* NYLJ, Sept. 29, 1982, p 7, col 3). Plaintiff's claim that defendant waived any objection to the video games by accepting rent for September, October and November, 1982, after it became aware of such use is without merit. Accepting plaintiff's allegations as true for the purposes of this appeal, there was still no waiver. The lease contains a "no-waiver" provision which reserves the landlord's rights and remedies even if there is a failure to insist upon strict performance of any terms. Consequently, defendant is

entitled to exercise its remedies under the lease despite its acceptance of rent for three months after it allegedly knew of the breach (*Pollack v Green Constr. Corp.,* 40 AD2d 996, affd 32 NY2d 720; *Luna Park Housing Corp. v Besser,* 38 AD2d 713). Mollen, P. J., Titone, O'Connor and Niehoff, JJ., concur.