17 RODKING SERVICE STATION, INC., Appellant, v NATHANIEL D. GRIBIN, Respondent. — In an action for a judgment declaring

a subtenant's use of leased premises to be proper, plaintiff appeals from an order of the Supreme Court, Nassau County (Velsor, J.), entered September 26, 1984, which denied its motion for a preliminary injunction and granted defendant's cross motion for summary judgment.

Order affirmed, with costs, and matter remitted to the Supreme Court, Nassau County, for the entry of an appropriate judgment declaring the rights of the parties in accordance herewith.

The plaintiff corporation is the assignee of a lease between its assignor, Look Oil Company, Inc., and defendant's father, which provides that the subject premises are "to be used and occupied only for a gasoline station". Plaintiff subsequently sublet the premises to Joseph Intermor and, in January 1984, the subtenant, in addition to using the premises for the sale of gasoline, began using them for the sale and rental of video tapes. In February 1984, the defendant, who had inherited ownership of the leased property, became aware that the subtenant was selling and renting video tapes on the premises and, by a notice dated May 31, 1984, demanded that such use cease. Plaintiff thereafter commenced this action for a declaration that the use was proper.

The use clause in the lease is restrictive, permitting the premises to be used solely as a gasoline station. The sale and rental of video tapes is not incidental to the use of the premises as a gasoline station and is therefore prohibited by the terms of the lease (*Dennis & Jimmy's Food Corp. v Milton Co.*, 99 AD2d 477, *affd* 62 NY2d 613). The affidavits of plaintiff's three experts were insufficient to create an issue of fact requiring a trial.

Defendant did not waive any objection to the sale and rental of video tapes by accepting rent for four months after he became aware of such use. The lease contains a so-called no-waiver provision which reserves the landlord's rights and remedies even if there is a failure to insist upon strict performance of any terms. Defendant is entitled to exercise its remedies under the lease (*Dennis & Jimmy's Food Corp. v Milton Co., supra*). Lazer, J. P., Gibbons, Thompson and Niehoff, JJ., concur.