OPINION OF THE COURT
Alfred J. Weiner, J.
This is an action for a declaratory judgment holding that plaintiff’s sale of New York State lottery tickets, including Lotto tickets, is not a violation of its lease with defendant. A preliminary injunction has been granted by this court, prohibiting defendant from terminating plaintiff’s lease. The trial was concluded on January 15, 1986.
*725 On October 1, 1979, the parties entered into a 10-year written lease agreement for the rental of a stationery store in a small shopping center. Pursuant to paragraph 2 of the lease, the premises were to be used for a "cards, gifts and stationery store, and for no other purpose”.
Plaintiff contends that the sale of lottery tickets is consistent with the terms of the lease. Defendant contends that such use violates the lease and causes too much congestion in the shopping center parking lot.
Since the commencement of this lease, New York State lottery tickets have been sold by plaintiff in its store. Lotto tickets, a form of lottery tickets, were sold from July 1980 to April 1982, and then were again sold from April 1985 to the present time. Sales of Lotto tickets are now substantially higher than they were in April 1985.
In New York State, stationery stores, similar to plaintiff’s store, account for approximately 40% of all lottery tickets sales. Out of the approximately 30 to 40 such stores in Rockland County, 95% of them sell lottery tickets.
Restrictive covenants, as a general rule, are to be construed strictly against those who would formulate and impose them and one who seeks to enforce them carries the burden of demonstrating that his version of the restriction is sustained by a plain and natural interpretation of the language. (1 Rasch, New York Landlord and Tenant, Summary Proceedings, § 479 [2d ed].)
Restrictive covenants such as "use clauses” should be construed, wherever possible, to carry out the intent of the parties, and such intent should be primarily ascertained from an examination of the lease. (Bovin v Galitzka, 250 NY 228.) Examination of paragraph 2 of the lease, that the premises were to be used for a "cards, gifts and stationery store, and for no other purpose”, does not ascertain the intent of the parties concerning the sale of lottery tickets.
In determining whether the use of a premises is restricted by a lease or whether any use is such a material departure as would constitute a violation of the terms of the lease, the plaintiff’s store must be viewed in the light of modern stores of the same character in the same commercial setting. (Burber v Jilamb Prime Meat, 115 Misc 2d 976; 18th Ave. Pharmacy v Wilmant Realty Corp., 95 NYS2d 534.)
Based on the testimony and evidence presented, the court finds that defendant failed to meet its burden of proving that *726 the sale of lottery tickets is restricted by the terms of the lease. The court further finds that the sale of lottery tickets is consistent with the use of the premises as a "cards, gifts and stationery store” since this use is a customary and usual activity for stores of the same character in the same commercial setting.
Accordingly, plaintiffs action for a declaratory judgment is granted to the extent that plaintiff’s sale of New York State lottery tickets, including Lotto tickets, is not a violation of its lease with defendant.