■ QWAKAZI, LTD., Respondent, v 107 WEST 86TH STREET OWNERS CORP., Appellant.—Judgment of the Supreme Court, New York County (Beatrice Shainswit, J.), entered November 12, 1985, which, in this declaratory judgment action, granted the motion of plaintiff Qwakazi, Ltd. for a preliminary injunction enjoining defendant from terminating plaintiff's tenancy and denied defendant's cross motion for summary judgment dismissing plaintiff's complaint, is unanimously reversed, on the law, with costs and disbursements, the preliminary injunction vacated and summary judgment granted to the defendant declaring that Qwakazi is in violation of its lease.

Plaintiff is a store owner occupying street-level space leased from defendant, a residential cooperative corporation. Paragraph 2 of plaintiff's lease, dated June 28, 1983, provide that the "tenant shall use and occupy demised premises for sale of comic books, toys, posters, books solely." Additionally, paragraph 55 of the rider to the lease provides that any use by the tenant for any other purpose "shall be deemed a default * * * and, as such, a material inducement for landlord to terminate this lease."

In July of 1985, plaintiff began to rent and sell video cassettes from the leased premises and advertised this fact with a new store awning, which he installed without having obtained the prior consent of the landlord, another lease violation. On July 15, 1985, defendant served upon plaintiff a notice to cure, advising plaintiff that unless, within five days, it ceased the sale and rental of video cassettes, the lease would be terminated upon three days' notice.

On July 19, 1985, plaintiff commenced an action for a declaratory judgment as to whether its sale and rental of video cassettes was in violation of the lease terms. By order to show cause, plaintiff obtained a temporary restraining order preventing defendant from terminating the lease pending a hearing on plaintiff's motion for a preliminary injunction. By notice of cross motion, dated August 8, 1985, defendant moved for summary judgment dismissing plaintiff's complaint and for a declaration that plaintiff was in violation of the lease.

By judgment entered November 12, 1985, Special Term granted the preliminary injunction and denied defendant's motion for summary judgment.

The preliminary injunction should not have been granted since plaintiff cannot demonstrate any likelihood of success on the merits. The lease provision restricting plaintiff's use of the premises to the sale of "comic books, toys, posters, books solely" is clear and unambiguous in its exclusion of plaintiff's right to sell and rent video cassettes. Video cassettes obviously share, along with comic books, toys, posters and books, the element of entertainment value. However, there is no question that they are all separate and distinct items and that the sale and rental of video cassettes is not incidental to the sale of the items expressly permitted by the lease. A landlord has a legal right to control the uses to which his building may be put by appropriate lease provisions, which to be effective must be enforced. *(See, Lyon v Bethlehem Eng. Corp., 253 NY 111, 113-114.)* Moreover, plaintiff was aware of the growing video cassette industry when it negotiated its present lease but did not include the sale and rental of video cassettes in the agreement as a permitted use. Plaintiff should not now be permitted to engage in a use of which it was aware but failed to include in its agreement.

Since plaintiff has failed to demonstrate the likelihood of success on the merits, Special Term erred in granting the preliminary injunction. Given the clear provisions of the lease, the court also improperly denied defendant's motion for summary judgment dismissing the complaint and its request to declare plaintiff in violation of the lease. Accordingly, we vacate the preliminary injunction and declare plaintiff to be in violation of the lease. Concur—Murphy, P. J., Sullivan, Carro, Milonas and Rosenberger, JJ.