■ SKY FOUR REALTY COMPANY, Respondent-Appellant, v C.F.M. ENTERPRISES, INC., Appellant-Respondent.—Mahoney, P. J. Cross appeals from an order and judgment of the Supreme Court (Hughes, J.), entered October 14, 1986 in Albany County, which granted plaintiff's motion for summary judgment as to liability and granted summary judgment to defendant dismissing that portion of plaintiff's complaint which sought damages.

In February 1976, plaintiff and defendant executed a lease for premises located at a shopping center known as Loudon Plaza in the City of Albany. The lease was for a term of 10

years and stated that the premises were "to be used and occupied only for a convenience food market". In February 1984, defendant's franchisee installed a computer terminal and, as a licensee of the New York State Lottery began selling lottery tickets on the premises.

In October 1985, after the franchisee had sold the premises back to defendant, plaintiff commenced this action seeking to enjoin defendant's sale of lottery tickets on the premises and an accounting for all earnings realized by defendant from the sale of lottery tickets. Plaintiff alleged that the sale of lottery tickets violated the use clause of the lease.

In September 1986, plaintiff moved for summary judgment on the issue of liability. Supreme Court granted summary judgment to plaintiff on the issue of liability and enjoined defendant from continuing to sell lottery tickets. Supreme Court also dismissed that portion of plaintiff's complaint which sought to recover a share of defendant's lottery earnings as money damages. Defendant appeals from that part of Supreme Court's order and judgment which granted summary relief to plaintiff on the issue of liability and plaintiff cross-appeals from that part which dismissed its claim for money damages.

Restrictive covenants such as "use clauses" should be construed, whenever possible, to carry out the intent of the parties, and such intent should be primarily ascertained from an examination of the whole lease. The sole issue herein is whether the sale of lottery tickets was consistent with the use clause under the lease. Here, Supreme Court held that defendant's sale of lottery tickets "does not come within the use authorized by the lease". In support of its position, Supreme Court relied upon *Dennis & Jimmy's Food Corp. v Milton Co.* (99 AD2d 477, *affd* 62 NY2d 613). That reliance was misplaced. In that case, the use clause in the lease permitted only "the sale of delicatessen and groceries" *supra).* In the case at bar, the lease does not restrict defendant to the "sale" of specified items. Rather, it requires that the premises be "used" only for a convenience food market. In support of its motion for summary judgment, plaintiff offers nothing more than its attorney's affidavit in support of its contention that "convenience food market" does not include the sale of lottery tickets. In opposition, an officer of defendant avers to the types of items commonly sold in its stores, many of which are not food items. In our view, "use" as a convenience store does not necessarily exclude the sale of lottery tickets. Further, when a convenience store is viewed in the light of modern

stores of the same character in a commercial setting such as Loudon Plaza, the sale of lottery tickets is consistent with the use clause in the subject lease *(see, Card Appeal v Deli-Bake,* 131 Misc 2d 724; *Burber v Jilamb Prime Meat,* 115 Misc 2d 976, 978). It must be kept in mind in this regard that since plaintiff drafted the use clause, any doubt should be resolved against plaintiff *(see, 67 Wall St. Co. v Franklin Natl. Bank,* 37 NY2d 245, 249).

The complaint must be dismissed. While defendant did not move for summary judgment, plaintiff's motion searches the record (CPLR 3212 [b]), and we choose to exercise our discretion and grant relief to a nonmoving party *(see, Howell v Davis,* 58 AD2d 852, 853, *affd* 43 NY2d 874).

Order and judgment modified, on the law, without costs, by reversing so much thereof as partially granted plaintiff's motion for summary judgment; motion denied and defendant is granted summary judgment dismissing the complaint; and, as so modified, affirmed. Mahoney, P. J., Main, Casey, Mikoll and Harvey, JJ., concur.