OPINION OF THE COURT
Herbert A. Posner, J.
The plaintiff landlord has commenced an action against the defendant tenant, alleging breach of the lease of a store at 205-01 35th Avenue, Bayside, New York, and seeking injunctive relief, eviction and damages. This motion by the plaintiff, brought on by order to show cause, is for a preliminary injunction enjoining the defendant from using the leased premises for the display, sale, rental or repair of videotapes *996 and equipment and from operating any video game on the premises.
The lease between the parties provided that: "Tenant shall use and occupy demised premises for drug store and for no other purpose”. In a schedule attached to the lease, the tenant agreed to: "Remove video machine in the demised premises. Video machines are not permitted under this lease”.
The defendant tenant has voluntarily removed the video game and the only issue before this court is whether the display, repair, sale and rental of videotapes and equipment violated the lease.
It is well settled that where the lease provisions expressly restrict the use of the leased premises, the parties are bound by that restriction (1 Rasch, New York Landlord and Tenant —Summary Proceedings § 475, at 594 [2d ed]; 30-88 Steinway St. v Bohack Co., 65 Misc 2d 1076, affd 42 AD2d 577). In accordance with this rule, it has been held that the sale and repair of jewelry and watches violated a lease which provided that the premises were " 'to be used and occupied only for drug store and luncheonette’ ” (18th Ave. Pharmacy v Wilmant Realty Corp., 95 NYS2d 534, 536).
The defendant tenant maintains that the rental of videotapes has recently become "an expanding part of pharmacy/ drugstore business throughout the country” and therefore does not violate the restrictive use of the premises as a drugstore.
Concededly, modern day drugstores, in addition to dispensing drugs and health-aid related items, also sell a variety of convenience items found in other types of stores. In fact, most dictionaries define a drugstore as a retail shop where medicines and miscellaneous articles (as candy, magazines, cosmetics) and refreshments (as at a soda fountain) are sold. On the other hand, a pharmacy is defined as "a place where medicines are compounded or dispensed.” (Webster’s Unabridged Dictionary.)
It is hornbook law that a lease "should be interpreted as a whole” and "construed so as to carry out the parties’ intent, gathered if possible from the language of the lease * * * or as it is sometimes put, 'from the four corners of the instrument’ ”. (Reltron Corp. v Voxakis Enters., 57 AD2d 134, 139.) The fact that the lease in this case restricted the use of the premises for a "drug store”, rather than a "pharmacy”, leads to the conclusion that the parties intended that items *997 other than medicines and health aids were to be sold. This is reinforced by a provision in the rider to the lease which prohibited the landlord from renting any of the other stores in the minimall, in which the leased premises were located, "for the use of Pharmacy”. As the tenant points out, one of the stores in the complex is a "7-11 store”, which also carries some of the health aid and convenience items commonly found in a drugstore. This rental did not conflict with the prohibition against renting another store for use as a "pharmacy” while it might have arguably violated a provision prohibiting rental of another store for use as a drugstore. The parties were quite exact in their use of terms in the lease and it is clear that in restricting the use of the premises for a "drug store”, rather than a "pharmacy”, they intended that items other than medicines and health aids would be sold.
The defendant, however, offers no support for its contention that the rental, repair and sale of videotapes and equipment is considered incidental to the operation of a drugstore. On the contrary, the published decisions in this area have held that it is not ancillary to the operation of a movie theatre, a toy store, a gasoline service station, and a restaurant. (Bethpage Theatre Co. v Shekel, NYLJ, Aug. 6, 1987, at 14, col 2; Qwakazi, Ltd. v 107 W. 86th St. Owners Corp., 123 AD2d 253; Rodking Serv. Sta. v Gribin, 109 AD2d 873; also see, Dennis & Jimmy’s Food Corp. v Milton Co., 99 AD2d 477; 72nd & Broadway Gourmet Rest. v Stahl Real Estate Co., 118 Misc 2d 372.) It should be noted, however, that none of these cases involve a drugstore.
Nevertheless, there is validity to the argument that videotapes are convenience items similar to film and cigarettes which are commonly found in today’s drugstores. The sale of such items does not violate a lease provision restricting the use of the premises for a drugstore, providing it is a minimal part of the business. The rental, repair and sale of videotapes and video equipment was more than a minimal part of defendant’s business and the court finds that it violated the lease provision restricting the use of the premises for a "drug store”.
"A preliminary injunction may be granted in any action * * * where the plaintiff has demanded and would be entitled to a judgment restraining the defendant from the commission or continuance of an act, which, if committed or continued during the pendency of the action, would produce injury to the plaintiff.” (CPLR 6301.) The continued use of the leased *998 premises in this case, during the pendency of the action, for other than the display and sale of videotapes and cassettes would produce injury to the plaintiff landlord who owns other stores in the area which he can lease for the rental, repair and sale of videotapes and video equipment.
Accordingly, the plaintiffs motion for a preliminary injunction is granted to the extent of enjoining the defendant from using the leased premises for the rental of videotapes and cassettes and the sale and repair of video equipment. However, it is denied insofar as the sale of tapes and cassettes are concerned. These are to be considered "miscellaneous articles”.