■ FORESEE CORP., Doing Business as RICHMOND VIDEO, Appellant, v PERGAMENT ENTERPRISES OF S. I., Respondent. [604 NYS2d 123] —In an action by a commercial tenant against the landlord, inter alia, to recover damages for breach of a restrictive covenant in its lease, the plaintiff appeals from an order of the Supreme Court, Richmond County (Cusick, J.), entered September 27, 1991, which denied its motion for partial summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, the motion for partial summary judgment on the issue of

liability is granted, and the matter is remitted to the Supreme Court, Richmond County, for a trial on the issue of damages and for such other relief as the court may deem just and proper.

The plaintiff, as assignee, leased space in the defendant's shopping mall, and was promised the exclusive right to rent video tapes to the public. Shortly after the plaintiff took over the video store, Shoprite, another store in the mall, began renting video tapes in direct competition with the plaintiff. The plaintiff then commenced this action against the defendant lessor, *inter alia,* to recover damages for breach of the restrictive covenant in its lease.

The defendant concedes that it promised the plaintiff the exclusive right to rent video tapes in its shopping mall. The record indicates that it did so after failing to properly restrict Shoprite from the same use.

"A tenant, in the absence of restrictions contained in a lease, may use a leased building in any lawful way not materially different from that to which it is adapted, and for which it was constructed. The right to exclusive occupation granted by a lease entitles a tenant to use the premises in the same manner that the owner might have used them * * *

"The landlord may, however, by express provisions in a lease, limit and restrict the use of a building to specific purposes. He has a legal right to control the uses to which his building may be put and may do so by appropriate provisions in a lease" *(Lyon v Bethlehem Eng'g Corp.,* 253 NY 111, 113-114).

This the defendant failed to do with respect to the Shoprite lease. Shoprite was given the right to use its space "as a supermarket and for the rendition of any services or the sale of any products now or hereinafter rendered or sold by any supermarket". This provision in no manner restricted Shoprite from conducting as part of its business the rental of video tapes *(see, Senn v Ladd,* 179 Misc 306). The words in question were used to express the intended purpose of Shoprite as lessee, and not as a restriction upon the use of the premises to the one purpose stated *(see, Bovin v Galitzka,* 250 NY 228).

Furthermore, it is not disputed that Shoprite did in fact rent video tapes in direct competition with the plaintiff, shortly after the plaintiff was assigned the lease, and during the time that the plaintiff was promised that right exclusively. Thus, there are no triable issues of material fact, and partial

summary judgment on the issue of liability is appropriate *(see,* CPLR 3212 [e]; *see also, Peoples Sav. Bank v County Dollar Corp.,* 43 AD2d 327, 329, 334, *affd* 35 NY2d 836).

The plaintiff must still prove that it was damaged as a proximate result of the defendant's breach. Therefore, we remit the matter to the Supreme Court, Richmond County, for a trial on the issue of damages. Lawrence, J. P., Eiber, O'Brien and Santucci, JJ., concur.