■ KEM CLEANERS, INC., Appellant, v SHAKER PINE, INC., Respondent. [629 NYS2d 492] —Peters, J. Appeal from an order of the Supreme Court (Hughes, J.), entered March 27, 1995 in Albany County, which, *inter alia*, granted defendant's cross motion for summary judgment dismissing the complaint.

In December 1994, defendant, owner of a strip mall known as Shaker Pine Mall (hereinafter the Mall) in the Town of Colonie, Albany County, agreed to lease to plaintiff a 1,200-square foot retail space that was previously occupied by a video store. The pertinent lease provision provided as follows:

"3. OCCUPANCY:

"[Plaintiff] shall use and occupy the Premises for no purpose other than a dry cleaning establishment or other retail use reasonably acceptable to [defendant]."

Subsequent thereto, plaintiff occupied such space and purchased the video business from the prior owner. It began using the premises for dry cleaning as well as video sales and rentals.

Plaintiff unsuccessfully sought defendant's consent to the additional use of the premises as a video store. Defendant's reason for disapproval was that "another new prospective tenant might come to [defendant] in the future and want to sell and rent videos on an exclusive basis". Although plaintiff sought to negotiate a settlement, defendant notified plaintiff that it considered the sale or rental of videos as a material breach of the lease agreement and, on February 1, 1995, it served plaintiff with a 10-day notice of termination.

Plaintiff commenced this action seeking, *inter alia*, a declaration that the sale and rental of videos, and all uses ancillary thereto, would not constitute a breach of the lease and that defendant's refusal to consent to said use was not reasonable. Plaintiff also sought a preliminary injunction pursuant to *First Natl. Stores v Yellowstone Shopping Ctr.* (21 NY2d 630) enjoin-

ing defendant from taking any action to terminate the lease. Defendant opposed and cross-moved for an order dismissing the action or for summary judgment. Supreme Court denied plaintiff's motion for a preliminary injunction and granted defendant summary judgment, finding the business of selling and renting videos to be a violation of the lease provision. Plaintiff appeals.

It is well settled that a landlord " 'has a legal right to control the uses to which his building may be put and may do so by appropriate provisions in a lease' " (*Foresee Corp. v Pergament Enters.*, 198 AD2d 397, 398, quoting *Lyon v Bethlehem Eng'g Corp.*, 253 NY 111, 113-114), and where such lease has express provisions which limit and restrict the use of a building to a specific purpose, such provisions will be given effect (*see, e.g., Qwakazi, Ltd. v 107 W. 86th St. Owners Corp.*, 123 AD2d 253, *lv denied* 68 NY2d 609; *Rodking Serv. Sta. v Gribin*, 109 AD2d 873; *Dennis & Jimmy's Food Corp. v Milton Co.*, 99 AD2d 477, *affd* 62 NY2d 613). Since such limitations are not generally favored, they will not be extended by implication beyond the terms of the restriction and we must therefore glean the intent of the parties by an examination of the entire lease agreement (*see, Sky Four Realty Co. v C.F.M. Enters.*, 128 AD2d 1011; *see also, Bovin v Galitzka*, 250 NY 228).

Unlike *Qwakazi, Ltd. v 107 W. 86th St. Owners Corp. (supra)*, *Rodking Serv. Sta. v Gribin (supra)* and *Dennis & Jimmy's Food Corp. v Milton Co. (supra)*, the relevant lease provision here does not place an absolute and unambiguous restriction on the use of the premises. While the language restricts the use of the premises to dry cleaning, the inclusion of the provision or "other retail use reasonably acceptable to [defendant]" contemplates a different retail use. To accept defendant's contention that the "other retail use" language solely contemplated ancillary laundering services renders such clause meaningless since such services are admittedly incidental to the operation of a dry cleaning establishment,* even under a clear and unambiguous provision restricting the use to dry cleaning only (*see, Anzalone v Normant Drugs*, 136 Misc 2d 995). Defendant's contention that any ambiguity in the provision should be interpreted against plaintiff as the drafter of

---

* The noncompetition clause in the lease provides as follows:

"34. NONCOMPETITION:

"[Defendant] shall not, directly or indirectly, permit any part of the Mall to be used in a manner which competes with the business of [plaintiff], to wit, dry cleaning and ancillary services (e.g. alterations, wedding dress "heir-looming", and coin-op laundry)."

the agreement (*see, 67 Wall St. Co. v Franklin Natl. Bank*, 37 NY2d 245; *Sky Four Realty Co. v C.F.M. Enters., supra*) is unpersuasive in light of the conflicting factual affidavits.

Regardless of the apparent ambiguity of the use restriction, summary judgment might have been proper if we could find, as a matter of law, that defendant's refusal to give consent to the additional retail use of selling and renting videos was reasonable. While a landlord should have the opportunity to assess the "financial responsibility and 'business character' of [the tenant], as well as the legality of the proposed use and the nature of the occupancy" before giving consent (*Mann Theatres Corp. v Mid-Island Shopping Plaza*, 94 AD2d 466, 471, *affd* 62 NY2d 930), we find that plaintiff has adequately raised an issue of fact as to the underlying basis for defendant's refusal which appears, at this juncture, not to be based upon objective economic reasons.

As to the issuance of an injunction pursuant to *First Natl. Stores v Yellowstone Shopping Ctr.* (21 NY2d 630, *supra*), we find that the injunction should be granted to preserve the status quo while the declaratory judgment action is proceeding. Noting that the showing required for the issuance thereof is far less than that needed for a preliminary injunction (*see, Post v 120 E. End Ave. Corp.*, 62 NY2d 19, 26; *Garland v Titan W. Assocs.*, 147 AD2d 304), we find that plaintiff has adequately made such showing.

As to all other contentions, we find them to be without merit. We accordingly reverse the underlying order, deny defendant's cross motion for summary judgment, and grant plaintiff a preliminary injunction.

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law and the facts, with costs, cross motion denied and motion granted.