■ SMOKES 'N' SWEETS, INC., et al., Appellants, v WEST LAKE ASSOCIATES, Respondent. [642 NYS2d 358] —Mercure, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Wood, J.), entered March 8, 1994 in Westchester County, which, *inter alia,* denied plaintiffs' motions for summary judgment.

Plaintiff Smokes 'N' Sweets, Inc. (hereinafter plaintiff) leases commercial space in defendant's shopping center, where it operates a combination tobacco, candy and gift shop. The central issue posed by this action is whether plaintiff's sale of lottery tickets from an on-line terminal violates its written lease with defendant in view of the fact that defendant granted another shopping center tenant, Rose Hill Card and Gift Shop (hereinafter the card shop), an exclusive right to have a lottery terminal in its store premises.

The parties' original lease, executed December 21, 1982, provided in clause 57, entitled "USE OF DEMISED PREMISES", that:

"[Plaintiff] shall have the *exclusive* right to sell pipes and tobacco and the *non-exclusive* right to sell items related to pipes and tobacco, such as ash trays, cigar lighters, etc. [Plaintiff] shall also have the right to sell cigarettes, cigars, boxed candy, pre-packaged glazed and dried fruit and specialty nuts and loose chocolates, AND FOR NO OTHER PURPOSE.

"It is expressly understood that both the exclusive and non-exclusive rights are subject to the rights of existing tenants selling the same or similar items to continue to sell such items" (emphasis in original).

A June 1, 1992 modification to the parties' lease revised the use clause to read as follows: "[Plaintiff] shall use the premesis [*sic*] exclusively to sell pipes, pipe tobacco, cigarettes, ash trays, cigars, cigarette and pipe lighters, boxed and loose candies and

chocolates, pre-packaged glazed and dried fruit, specialty nuts, gift baskets, stuffed animals, dolls, mugs, steins, minimum 6' gift cards, gift tins, gift jars, pinatas, balloons, etc. and for no other purpose. [Defendant] agrees not to rent any other store in the * * * Shopping Center to any Tenant whose merchandise shall ostensibly be the sale of loose candies of any nature nor to a tobacco or pipe shop, nor shall any other store in the Center be allowed to install, construct, and maintain a humider [*sic*] for cigars, tobacco products."

In this action, plaintiff seeks (1) a declaration that, consistent with its lease with defendant, plaintiff has the right to maintain the lottery terminal at its store, (2) a permanent injunction against defendant's interference with its maintenance of the lottery terminal, and (3) an injunction prohibiting defendant from permitting the card shop to sell tobacco and tobacco products, cigarettes, pipes, candies and chocolates and to install a humidor in violation of plaintiff's exclusive rights. In its answer, defendant asserted counterclaims for a declaration that plaintiff is in default under the lease and for an award of possession of the premises, counsel fees and disbursements, as provided under the lease in the event of a default, and for costs and sanctions pursuant to 22 NYCRR 130-1.1. Plaintiff Division of the Lottery sought and was granted permission to intervene because of its interest in promoting the sale of lottery tickets.

Following joinder of issue and discovery, the parties cross-moved for summary judgment. Supreme Court denied the motions of plaintiff and the Division and granted defendant's cross motion to the extent of determining, as a matter of law, that plaintiff has no right to operate a lottery terminal on the leased premises and dismissing plaintiff's first and second causes of action on that basis. Plaintiff and the Division appeal.

We affirm. First, we are not persuaded that Supreme Court erred in resorting to extrinsic evidence to aid in its construction of the use clause of the parties' lease. To the contrary, the modified use clause's enumeration of the specific items plaintiff was permitted to sell, followed by the term "etc." and then the language "and for no other purpose", created an ambiguity that could not be resolved absent resort to extrinsic evidence (*see, e.g., Stage Club Corp. v West Realty Co.*, 212 AD2d 458, 459-460). In addition, the court's authority to consider extrinsic evidence was unaffected by the existence of a merger clause (*see, Telemundo Group v Alden Press*, 181 AD2d 453, 455) or the fact that the contract is governed by the Statute of Frauds

(*see*, *Allied Sheet Metal Works v Kerby Saunders, Inc.*, 206 AD2d 166, 170).

Nor are we persuaded that Supreme Court erred in its construction of the parties' lease. First, the decision of this Court in *Sky Four Realty Co. v C.F.M. Enters.* (128 AD2d 1011) provides no support for plaintiff's contention that, because on-line lottery tickets are customarily sold at tobacco, candy and gift shops such as plaintiff's, plaintiff is entitled to sell them at its store. To the contrary, the essential rationale underlying *Sky Four Realty Co. v C.F.M. Enters.* (*supra*) was that the lease there at issue did not restrict the tenant to the "sale" of specified items (as the present lease does), but merely required that the premises be "used" as a convenience market (*supra*, at 1012; *cf.*, *Dennis & Jimmy's Food Corp. v Milton Co.*, 99 AD2d 477, *affd* 62 NY2d 613).

Second, the evidence adduced on the motions provided ample support for Supreme Court's construction of the contract. Notably, the evidence showed that, in the negotiations preceding the parties' 1992 modification of the use clause, plaintiff's officer had requested but was denied the right to sell on-line lottery tickets and, in fact, was made aware that defendant had granted the card shop an exclusive right to sell them. Further, the evidence showed that the word "etc." was inserted in the lease at plaintiff's request, to cover such small items as pencils, erasers and gift baskets.

As a final matter, we conclude that the existence of factual issues precluded the grant of plaintiff's motion with regard to its third cause of action and defendant's claim for counsel fees and that the strong public policy favoring the sale of lottery tickets is subordinate to a landlord's right to restrict the use of leased premises (*see*, *Kem Cleaners v Shaker Pine*, 217 AD2d 787, 789).

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.