■ RD BRANCH ASSOCIATES, L.P., Respondent, v HOOK-SUPERX, INC., Appellant. [720 NYS2d 370] —In an action, *inter alia*, for a judgment declaring that the defendant is prohibited from using its leased premises to operate a one-hour photo laboratory, the defendant appeals from an order of the Supreme Court, Suffolk County (Underwood, J.), dated February 23, 2000, which granted the plaintiff's motion for a preliminary injunction and denied its cross motion for a *Yellowstone* injunction.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the defendant's cross motion for a *Yellowstone* injunction and substituting therefor a provision granting the cross motion; as so modified, the order is affirmed, without costs or disbursements.

Contrary to the defendant's contention, the Supreme Court properly granted the plaintiff's motion for a preliminary injunction barring it from operating a one-hour photo laboratory during the action. In support of its motion, the plaintiff sustained its burden of demonstrating a likelihood of success on the merits based on the language of the restrictive use clause in the parties' lease (*see, Dennis & Jimmy's Food Corp. v Milton Co.,* 99 AD2d 477, *affd* 62 NY2d 613; *see also, Mostazafan Found. v Rodeo Plaza Assocs.,* 151 AD2d 347; *Anzalone v Normant Drugs,* 136 Misc 2d 995). The plaintiff also established that it would suffer irreparable injury absent the issuance of the injunction, and that a balancing of the equities is in its favor (*see, Forty-Seventh-Fifth Co. v Nektalov,* 225 AD2d 343; *Mostazafan Found. v Rodeo Plaza Assocs., supra; Anzalone v Normant Drugs, supra*).

However, the Supreme Court should have granted the defendant's cross motion for a *Yellowstone* injunction tolling the 30-day cure period under the lease and allowing it an opportunity to cure the alleged default if the court renders a final determination on the merits that its operation of the one-hour photo laboratory is a violation of the lease (*see, First Natl. Stores v Yellowstone Shopping Ctr.,* 21 NY2d 630; *Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assocs.,* 93 NY2d 508; *Waldbaum, Inc. v Fifth Ave. of Long Is. Realty Assocs.,* 85 NY2d 600; *Terosal Props. v Bellino,* 257

AD2d 568). O'Brien, J. P., Krausman, Florio and Luciano, JJ., concur.