■ BEAUTY PLUS STORES, II, INC., Appellant, v 404 6TH AVENUE REALTY CORP., Respondent. [895 NYS2d 403]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered December 9, 2008, which, in an action for, inter alia, breach of lease and tortious interference with prospective business relations, granted defendant landlord's motion for summary judgment dismissing plaintiff tenant's complaint, unanimously affirmed, with costs.

Defendant was within its rights under the lease to refuse its consent to a proposed sublease with an entity engaged in the business of selling cell phones and related products, where the parties' prime lease limits use of the premises to "beauty supplies and related sales." "A landlord has a legal right to control the uses to which his building may be put by appropriate lease provisions, which to be effective must be enforced" (*Qwakazi, Ltd. v 107 W. 86th St. Owners Corp.*, 123 AD2d 253, 254 [1986], *lv denied* 68 NY2d 609 [1986]). There is utterly no merit to plaintiff's argument that because cell phones and related accessories have a fashion component, they fall under the category of "beauty" (*cf. id.* [lease provision limiting use to "sale of comic books, toys, posters, books solely" does not permit sale and rental of video cassettes on theory that all such items share "the element of entertainment value"]).

As the lease itself provided reason for defendant's refusal to consent to the sublease, it does not avail plaintiff to assert that such refusal was "unreasonably, maliciously and wrongfully" withheld so that defendant could directly lease another property to the proposed subtenant (*see Carvel Corp. v Noonan*, 3 NY3d 182, 190-191 [2004] [interference with business relations must be criminal, tortious or for the sole purpose of inflicting harm]).

We have considered plaintiff's other arguments, including that defendant waived any objection to use of the premises for the sale of cell phones, and find them to be without merit. Concur—Andrias, J.P., Saxe, Sweeny, Freedman and Román, JJ. **[Prior Case History: 2008 NY Slip Op 33285(U).]**