Sag Harbor Pooh, LLC, Appellant,
against
Plaza Surf and Sport, Inc., Respondent, et al., Undertenants.




Rosenberg & Estis, P.C. (Deborah Riegel and Ethan R. Cohen of counsel), for appellant.
Matthews, Kirst & Cooley, PLLC (Brian E. Matthews of counsel), for respondent.

Appeal from an order of the Justice Court of the Village of Sag Harbor, Suffolk County (Lisa R. Rana, J.), dated October 2, 2016. The order granted tenant's motion to dismiss the petition in a holdover summary proceeding.




ORDERED that the order is reversed, without costs, and tenant's motion to dismiss the petition is denied.
In this commercial holdover proceeding, the petition alleges that landlord terminated the lease upon tenant's failure to cure violations of a prohibition on subletting and a restrictive covenant contained in the lease. Tenant moved to dismiss the petition pursuant to CPLR 3211 (a) (1) and (7). The Justice Court granted tenant's motion, and landlord appeals.
To warrant the granting of a motion to dismiss based on documentary evidence (see CPLR 3211 [a] [1]), the documentary evidence itself must refute the allegations in the petition (see Goshen v Mutual Life Ins. Co. of NY, 98 NY2d 314, 326 [2002]). "In order for evidence to qualify as 'documentary,' it must be unambiguous, authentic, and undeniable" (Granada Condominium III Assn. v Palomino, 78 AD3d 996, 996-997 [2010]). None of the documentation submitted by tenant to prove that it had not sublet the subject premises was sufficient to do so as a matter of law.
"When a party moves to dismiss a [petition] pursuant to CPLR 3211 (a) (7), the standard [*2]is whether the pleading states a cause of action, not whether the proponent of the pleading has a cause of action" (Sokol v Leader, 74 AD3d 1180, 1180—1181 [2010]). If the movant submits evidentiary material, as tenant did here, the standard becomes "whether the proponent of the pleading has a cause of action, not whether he has stated one" (Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]). 
A landlord may restrict the use of its property by including appropriate provisions in a lease (see Forsee Corp. v Pergament Enters. of S.I., 198 AD2d 397 [1993]). "Restrictive covenants such as 'use clauses' in leases should be enforced according to the intent of the parties, which will be primarily determined from the lease" (E.M.R. Mgt. Corp. v Halstead Harrison Assoc., 299 AD2d 393, 394 [2002]). In interpreting the provisions of a lease, a court should not construe the language in such a way as would distort its meaning (see Poughkeepsie Sav. Bank v G.M.S.Y. Assoc., 238 AD2d 327 [1997]). 
Paragraph 2 of the lease states, "Tenant shall use and occupy demised premises as and for dry use retail sales of sports and surf equipment, and related apparel, shoes and accessories and for no other purpose." It is undisputed that tenant is not selling sports and surf equipment. Tenant argues that the lease should be read to permit the sale of "the following items: (1) sports and surf equipment, and related apparel; (2) shoes; and (3) accessories." In other words, tenant claims that the lease permits it to sell shoes and/or accessories that are unrelated to sports and surf equipment, and that its failure to sell sports and surf equipment is not a violation of the lease. Tenant's interpretation of the lease language results in the kind of distortion that courts are enjoined from engaging in. Consequently, we find that tenant failed to establish that landlord does not have a cause of action based upon tenant's violation of a restrictive covenant in the lease. 
Accordingly, the order is reversed and tenant's motion to dismiss the petition is denied. MARANO, P.J., GARGUILO and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 12, 2018