Memorandum. The issue is whether under the provisions of a 1957 lease the tenant may now operate a "Burger King” restaurant on the leased premises.
The lease limited use of the premises to "one or more of the following purposes: a service restaurant, Automat restaurant, cafeteria, counter and stool restaurant, retail shop for the sale of baked goods and other items usually sold in Horn & Hardart retail stores”. The lease further provided that "the Tenant shall have the right to change the operations conducted by it in the premises from time to time in the Tenant’s discretion, provided that at all times Tenant shall use the premises only for one or more of the purposes above specified”. If the operation of a "Burger King” restaurant is permitted the tenant contends that the landlord’s consent to alterations suitable for such purpose may not then reasonably be withheld.
The leased premises are located in a 30-story office building on East 42nd Street in New York City where the tenant presently operates an "Automat” cafeteria. Customers walk through a dining area containing tables and chairs. A limited assortment of foodstuffs is available from mechanical windows and a much larger selection of food may be had from servers at counters. The customers may take the food either to the dining area or off the premises for consumption.
Under the proposed "Burger King” restaurant the customer would again pass through a dining area with tables and chairs and obtain his food from a counter. A more limited selection would be available, to be consumed on or off the premises.
*929 Cross motions for summary judgment have been made, and both landlord and tenant agree that this case presents no dispute of fact for a jury and urge us to decide the case on the record now before us (cf. Hartford Acc. & Ind. Co. v Wesolowski, 33 NY2d 169, 172). Other than as may be inferred from the undisputed facts recited above, we find no tender of admissible extrinsic evidence as to the intention of the parties at the time of the execution of the lease.
We recognize that the question is open to differing contentions and resist the invitation to indulge in lexicological excursions or to engage in imaginative speculation as to various aspects of food service. Based on our reading of the language employed by the parties and the use to which the leased premises have been put in the past and are presently being put, we conclude that the operation of a “Burger King” restaurant is not permitted within the use provisions of this lease. It cannot be said that the changes which concededly have occurred in recent years in manner and style of restaurant and food service have destroyed completely the difference between cafeterias and short-order, limited menu food service primarily for off-premises consumption.
Because such use of the premises is not a permitted use, it follows that the landlord may reasonably withhold its consent to the tenant to make alterations in the premises appropriate for such use.
Accordingly, the order of the Appellate Division should be modified, the landlord’s motion for summary judgment granted, and the case remitted to Supreme Court, New York County, for entry of a declaration in conformity with this opinion.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order modified, without costs, and the case remitted to Supreme Court, New York County, for entry of judgment in accordance with the memorandum herein and, as so modified, affirmed. Question certified answered in the negative.