■ FORTY-SEVENTH-FIFTH COMPANY, Appellant, v LEON NEKTALOV et al., Respondents. [638 NYS2d 625]

Plaintiff established an adequate basis for injunctive relief, and the motion court erred in holding that plaintiff failed to show a likelihood of success on the merits and that it would not suffer irreparable harm.

On the question of success on the merits, plaintiff submitted sufficient proof, by way of the lease, affidavits, and other submissions, to warrant injunctive relief, and defendants' opposing arguments were without merit. The existence of an issue as to the lease's interpretation, i.e., whether the use of "pullers-in" was consistent with the operation of a "first class retail store", was not, under the circumstances, such an ambiguity as would provide a basis for denying the injunction (*Mostazafan Found. v Rodeo Plaza Assocs.*, 151 AD2d 347; *Cemco Rests. v Ten Park Ave. Tenants Corp.*, 135 AD2d 461, *lv dismissed* 72 NY2d 840).

Nor does a restriction against the use of "pullers-in" deny defendants' right to free speech, where defendants knowingly and freely negotiated and signed the lease agreement waiving such right, on a strictly private basis, to the extent of obligating themselves to conduct business in a "high-class manner" (*Selzer v Baker*, 295 NY 145, 149; *see also, Matter of Brooklyn Union Gas Co. v City of New York*, 56 NY2d 881).

Plaintiffs demonstrated irreparable harm by way of the affidavits submitted by commercial real estate professionals, private investigators, and neighboring jewelry store owners which established that defendant was in fact using "pullers-in", that such use was detrimental to the reputation of the building and harmful to the other tenants' businesses, and that the use of "pullers-in" was inconsistent with the operation of a high-class jewelry business, creating a negative impact on highly competitive fair market rental values (*Mostazafan Found. v Rodeo Plaza Assocs., supra,* at 350).

Finally, a balancing of the equities favors the granting of injunctive relief. Unquestionably, defendant was aware at the time it signed the lease that plaintiff was concerned with the

image of the building; plaintiff has consistently objected to the offending solicitation methods and on each occasion defendant temporarily ceased, only to begin anew; plaintiff is not seeking to terminate defendant's lease, but only to ensure compliance with the restrictions in question; and the fact that "pullers-in" are commonly used on 47th Street does not mean that it is acceptable where defendant-tenant agrees to abide by a restriction requiring that business be conducted in a manner comparable to Tiffany or Cartier. Concur—Sullivan, J. P., Rosenberger, Nardelli, Williams and Tom, JJ.