■ KARMJIT S. BENIPAL, Respondent, v DAMMI HERATH et al., Appellants, et al., Defendant. [674 NYS2d 815] —Mercure, J. Appeal from that part of an order of the Supreme Court (Relihan, Jr., J.), entered July 8, 1997 in Tompkins County, which denied certain defendants' motions for summary judgment dismissing the complaint against them.

Plaintiff, the proprietor of an Indian take-out restaurant located in a shopping center food court, brought this action to recover for the breach of various contract provisions restricting the sale of similar cuisine and, particularly, defendant Dammi Herath's sale of Sri Lankan food at an adjacent food court site. Originally, the two restaurants had a common owner, a family partnership which included plaintiff and defendant Jinder Gill. A boiler-plate clause, set forth within the "Miscellaneous" article of the March 30, 1995 lease between the partnership and the landlord, defendant Center Ithaca-TSD Associates, provided: "Nothing contained in this Lease shall be construed so as to confer upon any other party the rights of a third party beneficiary except rights contained herein for the benefit of a Mortgagee." Upon the termination and distribution of the assets of the partnership, plaintiff received title to the Indian restaurant and Gill received title to the other, which was at that time known as "Buffalo Wings".

The April 1, 1996 dissolution agreement executed by plaintiff and Gill stipulated in pertinent part that Gill, his successors and assigns "not prepare or sell any hot prepared Indian style foods in competition with [plaintiff's restaurant] for on or off premises consumption * * * for a period of five years". In addition, a January 1997 modified lease agreement between plaintiff, Gill and Center Ithaca prohibited Gill's sale of "Indian Fare". In February 1997, Gill sold Herath the assets of his

restaurant business, including all rights under the lease with Center Ithaca. A February 1997 sublease agreement entered into by those three parties explicitly incorporated the terms and conditions of the existing lease and also recited Herath's acknowledgment "that no Indian food will be served as per the lease conditions".

On the present appeal, defendants challenge Supreme Court's determination that plaintiff is a third-party beneficiary of the February 1997 agreement between Herath and Center Ithaca.* We are unpersuaded by defendants' contentions that the above-quoted provision of the March 30, 1995 lease between Center Ithaca and the partnership forecloses plaintiff from asserting his status as a third-party beneficiary and that plaintiff is, in any event, nothing more than an incidental beneficiary. We accordingly affirm Supreme Court's order denying both plaintiff's and defendants' motions for summary judgment.

Fundamentally, although third-party beneficiary standing will generally be precluded by an explicit contract provision to that effect (*see, Howard Sav. Bank v Lefcon Partnership*, 209 AD2d 473, 476, *lv dismissed* 86 NY2d 837; *Facilities Dev. Corp. v Miletta*, 180 AD2d 97, 101), where the contract has been materially modified, the modification establishes a new agreement between the parties which supplants the affected provisions of the underlying agreement while leaving the balance of its provisions unchanged (*see,* General Obligations Law § 5-1103; *Cortesi v R & D Constr. Corp.*, 137 AD2d 901, 902, *mod* 73 NY2d 836; *Beacon Term. Corp. v Chemprene, Inc.*, 75 AD2d 350, 354, *lv denied* 51 NY2d 706). Without doubt, the various agreements accompanying the dissolution of the partnership, the establishment of separately owned and competing food court restaurants, the exchange of mutual non-competition provisions and Center Ithaca's express imposition of a corresponding restriction in Herath's sublease supplanted the original lease provision, as related to claims arising out of a purported breach of the subsequently established covenants against competition. We further conclude that, in the absence of contrary evidence, the same factual background compels the conclusion that plaintiff was an intended beneficiary of the February 1997 agreement between Center Ithaca, Gill and Herath (*see, Fourth Ocean Putnam Corp. v Interstate Wrecking Co.*, 66 NY2d 38, 44; *Finch, Pruyn & Co. v Wilson Control*

---

* No assertion is made on appeal that Supreme Court erred in determining that there were issues of fact regarding the difference, if any, between Sri Lankan food and Indian food.

*Servs.*, 239 AD2d 814, 815-816; *Town of Moriah v Cole-Layer-Trumble Co.*, 200 AD2d 879, 880).

Mikoll, J. P., Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.