■ S&B PETROLEUM, INC., et al., Appellants-Respondents, v GIZEM REALTY CORP. et al., Respondents-Appellants. [778 NYS2d 696]—

In an action, inter alia, for a declaratory judgment and injunctive relief, the plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County (Klein, J.), dated July 14, 2003, as denied their motion for an award of an attorney's fee and to impose sanctions against the defendants and their attorneys pursuant to 22 NYCRR 130-1.1 and the defendants cross-appeal from so much of the same order as denied their cross motion to terminate a lease and evict the plaintiff S&B Petroleum, Inc., from the subject premises.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Contrary to the plaintiffs' contention, the Supreme Court providently exercised its discretion in denying their motion for an award of an attorney's fee and to impose sanctions, as the actions of the defendants and their attorneys did not rise to the level of frivolous conduct as defined by 22 NYCRR 130-1.1 (*see Juron & Minzner v State Farm Ins. Co.,* 303 AD2d 463 [2003]; *Mimoun v Zicherman,* 293 AD2d 585 [2002]).

The Supreme Court properly denied the defendants' cross motion to terminate the lease and evict S&B Petroleum, Inc., from the subject premises, finding that the defendants' grounds for the termination were the same unresolved issues to be determined at trial. Moreover, a *Yellowstone* injunction (*see First Natl. Stores v Yellowstone Shopping Ctr.,* 21 NY2d 630 [1968]) was issued on June 5, 2002, and in light of the conflicting allegations regarding the parties' purported breaches of the

lease, "an injunction is necessary to preserve the status quo until a trial can be conducted on the merits, at which time the parties' additional contentions regarding each other's 'unclean hands' and bad faith may properly be resolved" (*Tag 380 v Sprint Spectrum*, 290 AD2d 404, 404-405 [2002]; *see generally Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc.*, 93 NY2d 508 [1999]; *Purdue Pharma, LP v Ardsley Partners, LP*, 5 AD3d 654 [2004]; *Garland v Titan W. Assoc.*, 165 AD2d 782 [1990]). Florio, J.P., Luciano, Townes and Fisher, JJ., concur.