WILLIAM S. KENNEY et al., Appellants, v EDDYGATE PARK ASSOCIATES, Doing Business as EDDYGATE PARK APARTMENTS, et al., Respondents. [825 NYS2d 297]—

Carpinello, J. Appeals (1) from an order of the Supreme Court (Relihan, Jr., J.), entered March 3, 2006 in Tompkins County, upon a decision of the court in favor of defendants, and (2) from the judgment entered thereon.

As noted in an earlier decision of this Court (19 AD3d 859

[2005]), this case involves a claim by plaintiff William S. Kenney (hereinafter plaintiff) that his landlord, defendant Eddygate Park Associates (hereinafter defendant), breached their written lease agreement by unreasonably refusing to consent to an assignment of the lease. Specifically, plaintiff, who in 1999 had been operating an American-style barbecue restaurant for several years, negotiated the sale of his restaurant to a party wishing to operate a Korean restaurant. The sale was conditioned on defendant's consent. Defendant refused because a Chinese restaurant was located in the complex and it felt that a Korean restaurant would "be inappropriate competition." Moreover, because that Chinese restaurant had an exclusive right to sell Chinese food in the complex, defendant was concerned about being sued. Consequently, the sale to the operator of the Korean restaurant, as well as two other possible sales to persons interested in operating a Vietnamese restaurant, never came to fruition. In 2003, shortly after plaintiff closed his restaurant and vacated the premises, defendant leased the space to a tenant who opened a Korean restaurant, thus precipitating this lawsuit.

After this Court reversed a grant of summary judgment in defendants' favor based upon then extant questions of fact as to the reasonableness of defendant's conduct, a nonjury trial was held. Following several days of testimony which centered principally on the failed 1999 transaction, Supreme Court rendered a written decision granting judgment to defendants. Finding no error in this determination, we now affirm.

As we noted previously, "[w]here, as here, a landlord agrees that it will not 'unreasonably withhold its consent [to an assignment of a lease,] its refusal can only be based upon a consideration of objective factors, such as . . . the subtenant's suitability for the particular building' " (*id.* at 860, quoting *Astoria Bedding, Mr. Sleeper Bedding Ctr. v Northside Partnership*, 239 AD2d 775, 776 [1997]). Here, Supreme Court found several objective factors which justified defendant's conduct in refusing an assignment of the lease to a Korean restaurant in 1999 but permitting such an establishment in 2003. First, defendant was justifiably concerned that permitting the Korean restaurant in 1999 would subject it to litigation by the owner of the Chinese restaurant. To this end, defendant's principal had been involved in similar litigation in 1997 (*see Benipal v Herath*, 251 AD2d 933 [1998]). Defendant's concern over potential litigation was allayed in 2003, however, because the 2003 lessee of the Korean restaurant specifically agreed to defend and indemnify it from any claims filed by the operators of the Chinese restaurant. No

such provision was proffered in the 1999 transaction. Furthermore, one of plaintiff's own witnesses confirmed that the number of Asian students in the immediate neighborhood had increased substantially between 1999 and 2003 thus justifying defendant's determination that the marketplace would support both a Chinese and Korean restaurant in the same facility at that time.

Mercure, J.P., Crew III, Rose and Kane, JJ., concur. Ordered that the order and judgment are affirmed, with costs.