◼ WIZE EYES OF SYOSSET, INC., Respondent, v TURNPIKE CORP. et al., Appellants, and VINCENT CRIFASI, Respondent. [888 NYS2d 88]—

In an action to recover damages for breach of a commercial lease, the defendants appeal from an order of the Supreme Court, Nassau County (Galasso, J.), entered December 18, 2008, which denied their motion for summary judgment dismissing the complaint and on the issue of liability on the counterclaim, and granted the cross motion of the plaintiff and the additional defendant for summary judgment dismissing the counterclaim and on the issue of liability on the complaint.

Ordered that the order is reversed, on the law, with costs, the appellants' motion for summary judgment dismissing the complaint and on the issue of liability on the counterclaim is granted, the respondents' cross motion for summary judgment dismissing the counterclaim and on the issue of liability on the complaint is denied, and the matter is remitted to the Supreme Court, Nassau County, for a determination of the damages to be awarded to the appellants on the counterclaim.

Contrary to the contention of the plaintiff and the additional defendant (hereinafter together the tenant), the defendants (hereinafter collectively the landlord) did not breach the subject lease by withholding approval of the signage which the tenant proposed to affix to the front of its store building. The tenant's right under the lease to install signage was not absolute, but

was subject to the landlord's approval, which was not to be unreasonably withheld. The landlord's withholding of approval here was supported by legitimate, objective business considerations related to the leasehold premises, including that the large and brightly-colored proposed sign affixed to the building facade would be inconsistent with the signage used by other mall tenants, would interfere with lighting at the location, would detract from the overall appearance of the mall, and could lead to a decrease in mall rental values (*see generally Kenney v Eddygate Park Assoc.,* 34 AD3d 1017 [2006]; *Commack Roller Rink v Commack Arena Mktg.,* 154 AD2d 327 [1989]; *F.H.R. Auto Sales v Scutti,* 144 AD2d 956 [1988]). The landlord could properly consider whether the proposed signage would detract from the appearance of the property (*see generally Lyon v Bethlehem Eng'g Corp.,* 253 NY 111 [1930]) and could validly seek to foster a sophisticated image for the property (*see generally Forty-Seventh-Fifth Co. v Nektalov,* 225 AD2d 343 [1996]). Under the circumstances, the landlord's withholding of consent was not unreasonable as a matter of law, and the tenant, therefore, breached the parties' agreement in disavowing the lease and refusing to make payments thereunder. Accordingly, there being no issue of fact as to liability, we remit the matter to the Supreme Court, Nassau County, for a determination of the damages to which the landlord is entitled on the counterclaim for the tenant's breach. Rivera, J.P., Florio, Eng and Leventhal, JJ., concur.