BKNY1, Inc. v 132 Capulet Holdings, LLC (2023 NY Slip Op 02640)

BKNY1, Inc. v 132 Capulet Holdings, LLC

2023 NY Slip Op 02640

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
JOSEPH A. ZAYAS
BARRY E. WARHIT, JJ.

2020-07940
 (Index No. 508647/16)

[*1]BKNY1, Inc., etc., respondent, 
v
132 Capulet Holdings, LLC, appellant.

Cornicello Tendler & Baumel-Cornicello, LLP, New York, NY (David B. Tendler and Jay H. Berg of counsel), for appellant.

DECISION & ORDER
In an action, inter alia, for a judgment declaring the rights and obligations of the parties with respect to a lease agreement and for injunctive relief, the defendant appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated March 2, 2020. The order, insofar as appealed from, in effect, denied those branches of the defendant's motion which were, in effect, for summary judgment declaring that the plaintiff breached articles 2 and 3 and rule 5 of the parties' lease agreement, and, sua sponte, extended the plaintiff's time to cure any alleged defaults.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, extended the plaintiff's time to cure any alleged defaults is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof, in effect, denying those branches of the defendant's motion which were, in effect, for summary judgment declaring that the plaintiff breached article 2 and rule 5 of the parties' lease agreement and substituting therefor a provision granting those branches of the motion, and (2) by deleting the provision thereof extending the plaintiff's time to cure any alleged defaults; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, making an appropriate declaration in favor of the defendant, in accordance herewith.
The plaintiff, as tenant, and the defendant, as successor-in-interest to nonparty Union & Court Realty Corp. (hereinafter Union), as landlord, are parties to a commercial lease agreement entered into between Union and the plaintiff related to certain premises in Brooklyn. The defendant served notices to cure on the plaintiff alleging, among other things, that the plaintiff had breached several provisions of the lease, including (1) article 2 (hereinafter the use provision), which provided that the plaintiff "shall use and occupy the demised premises for [a] [t]apas [r]estaurant with light cooking only and for no other purpose," by operating a steakhouse on the premises; (2) article 3 (hereinafter the alterations provision) by illegally altering the premises; and (3) rule 5 (hereinafter the signs provision) by installing new signs on the outside of the premises without prior written consent. The plaintiff commenced this action, inter alia, for a judgment declaring that it was not in default of its obligations under the lease and for related injunctive relief, and the defendant interposed an answer asserting various affirmative defenses and counterclaims.
The defendant moved, inter alia, in effect, for summary judgment declaring that the plaintiff breached the alteration, use, and signs provisions of the lease. By order dated March 2, 2020, the Supreme Court, in effect, denied those branches of the defendant's motion and, sua sponte, extended the plaintiff's time to cure any alleged defaults under the lease. The defendant appeals.
The defendant's submissions in support of its motion, which included uncertified business records from the New York City Department of Buildings, were insufficient to establish, prima facie, that the plaintiff violated the alterations provision of the lease (see CPLR 4518[c]; Han Hao Huang v "John Doe", 169 AD3d 1014, 1016; cf. Barcher v Radovich, 183 AD2d 689, 690-691). Since the defendant failed to meet its prima facie burden in this regard, that branch of its motion which was, in effect, for summary judgment declaring that the plaintiff breached the alterations provision of the lease was properly denied, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Center, 64 NY2d 851, 853).
However, the defendant established its prima facie entitlement to judgment as a matter of law declaring that the plaintiff violated the use and signs provisions of the lease by submitting, inter alia, the deposition testimony of the plaintiff's principal, who admitted that the plaintiff "changed the concept" of the restaurant on the demised premises to a steakhouse, among other things, in contravention of the restrictive terms of the lease, and that the plaintiff installed signs on the premises without seeking permission (see Dennis & Jimmy's Food Corp. v Milton Co., 99 AD2d 477, affd 62 NY2d 613; cf. Horn & Hardart Co. v Junior Bldg., 40 NY2d 927, 928-929; Wize Eyes of Syosset, Inc. v Turnpike Corp., 66 AD3d 884, 884-885). In opposition, the plaintiff failed to raise a triable issue of fact with respect to its breach of the use and signs provisions. Accordingly, the Supreme Court should have granted those branches of the defendant's motion which were, in effect, for summary judgment declaring that the plaintiff breached the use and signs provisions of the lease.
In light of the foregoing, inasmuch as the parties' lease agreement provides that the defendant may, upon notice, terminate the lease based on any non-monetary default by the plaintiff, which necessarily includes the use and signs provisions, the Supreme Court erred in extending the plaintiff's time to cure its alleged defaults (see First Natl. Stores v Yellowstone Shopping Ctr., 21 NY2d 630, 637-638; cf. S & B Petroleum, Inc. v Gizem Realty Corp., 8 AD3d 550).
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the plaintiff was in breach of the use and signs provisions of the lease (see Lanza v Wagner, 11 NY2d 317, 334; Z.S.L., Inc. v Montauk Amityville Realty Corp., 207 AD3d 790, 791).
CONNOLLY, J.P., WOOTEN, ZAYAS and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court