Bertault v Jotas Corp. (2025 NY Slip Op 06840)

Bertault v Jotas Corp.

2025 NY Slip Op 06840

Decided on December 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2023-02180
 (Index No. 601169/22)

[*1]Vincent Bertault, appellant,
v
Jotas Corp., respondent.

Wickham, Bressler & Geasa, P.C., Mattituck, NY (Eric J. Bressler of counsel), for appellant.
Twomey, Latham, Shea, Kelley, Dubin & Quartararo, LLP, Riverhead, NY (Kathryn M. Dalli of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for injunctive relief, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (James C. Hudson, J.), entered January 31, 2023. The judgment, insofar as appealed from, upon an order of the same court dated December 1, 2022, granting the defendant's motion for summary judgment dismissing the complaint and on its counterclaim for ejectment, and denying the plaintiff's cross-motion for leave to serve an amended reply to the defendant's counterclaims and for leave to renew the plaintiff's prior motion for preliminary injunctive relief, which had been denied in a prior order of the same court dated May 23, 2022, directed the Sheriff of Suffolk County to put the defendant in possession of the subject premises.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
The plaintiff, as tenant, and the defendant, as landlord, are parties to a commercial lease agreement related to certain premises located in Suffolk County. The lease agreement requires that the tenant "must and shall grant to the Landlord full access to the premises . . . at a minimum of 9:00 a.m. through 5:00 p.m. seven (7) days per week." The lease further provides that failure to grant such access "shall be deemed a substantial breach of the lease entitling the Landlord to immediately terminate this lease, evict the Tenant and seek additional damages from the Tenant." In January 2022, the defendant served the plaintiff with a notice terminating the lease based on the plaintiff's "repeated[ ] fail[ure] to grant to [the defendant] access to the premises" and the unauthorized installation of a padlock on a door to the basement of the premises.
The plaintiff then commenced this action, inter alia, for injunctive relief, asserting that it had not defaulted under the lease. The defendant interposed an answer asserting, among other things, a counterclaim for ejectment.
The plaintiff moved for preliminary injunctive relief, which was denied in an order dated May 23, 2022. The defendant subsequently moved for summary judgment dismissing the complaint and on the counterclaim for ejectment. The plaintiff cross-moved for leave to serve an amended reply to the defendant's counterclaims so as to assert the affirmative defenses of waiver and estoppel, and for leave to renew the plaintiff's prior motion for preliminary injunctive relief. In an order dated December 1, 2022, the Supreme Court granted the defendant's motion and denied the plaintiff's cross-motion. On January 31, 2023, a judgment was entered upon the order, inter alia, directing the Sheriff of Suffolk County to put the defendant in possession of the premises. The [*2]plaintiff appeals.
Contrary to the plaintiff's contention, the defendant established, prima facie, that the plaintiff breached the lease agreement by submitting, among other things, a letter dated November 30, 2021, from the plaintiff's counsel, refusing to grant access to the defendant's electrician to perform certain work on the premises (see Domecq Realty, LLC v Great Spot, Ltd., 224 AD3d 884, 885; BKNY1, Inc. v 132 Capulet Holdings, LLC, 216 AD3d 900, 902).
In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, a letter dated December 2, 2020, which stated that the defendant would remove the padlock the plaintiff had installed on the door to the basement if the plaintiff did not remove it that day, did not indicate that the defendant intended to relinquish its right to terminate the lease agreement and evict the plaintiff for failure to provide access (see B & A Realty Mgt., LLC v Gloria, 192 AD3d 851, 854). Nor was there any evidence submitted raising a triable issue of fact as to whether the plaintiff prejudicially changed his position in reliance upon the letter dated December 2, 2020, so as to support an estoppel defense (see Jing Yu v Allstate Ins. Co., 208 AD3d 857, 858). Moreover, apart from the placement of the lock on the basement door in 2020, the plaintiff's subsequent conduct in November 2021 of denying the defendant access to the premises during the hours of 9:00 a.m. and 5:00 p.m., seven days per week, constituted a breach of the lease, entitling the defendant to terminate the lease.
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint and on its counterclaim for ejectment and properly denied that branch of the plaintiff's cross-motion which was for leave to serve an amended reply to the defendant's counterclaims.
In light of our determination, we need not reach the plaintiff's remaining contentions.
IANNACCI, J.P., FORD, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court